Dan Tan, Esq. (SBN 275413)
dan@dantanlaw.com
Dan Tan Law
162 South Park Street
San Francisco, CA 94107
T: (646) 580-0080
Rongping Wu, Esq. (*Pro Hac Vice* pending)
lwu@dgwllp.com
DGW KRAMER LLP
One Rockefeller Plaza
10th Floor, Ste. 1060
New York, NY 10020
T: (917) 633-6860
F: (917) 633-6183
Attorneys for Petitioner:
ZHONGTIE DACHENG (ZHUHAI) INVESTMENT MANAGEMENT CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ZHONGTIE DACHENG (ZHUHAI) INVESTMENT MANAGEMENT CO., LTD., a China Company,<br><br>Petitioner,<br><br>vs.<br><br>YAN, JINGGANG, an individual,<br><br>Respondent. | Case No.: 8:22-cv-461<br><br>**DECLARATION OF RONGPING WU IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD** |
|---|---|

I, RONGPING WU, an attorney admitted to practice before the courts of the State of New York, affirm the following under the penalty of perjury:

1. All statements set forth in this Declaration are based upon my personal knowledge or my review of original versions or certified copies of the relevant documents. I make this Declaration in support of the Petition to Confirm Arbitration Award and for Entry of Judgment filed by the Petitioner, Zhongtie Dacheng (Zhuhai) Investment Management Co., Ltd. ("Zhongtie" or "Petitioner").

- 1 -

Declaration of Rongping Wu in Support of Petition to Confirm Arbitration Award

2. I am a partner with the law firm of DGW Kramer LLP. DGW Kramer LLP acts as counsel to Petitioner for purposes of enforcing the arbitration award (the "Award") that is the subject of the Petition, here in the United States of America.

3. The Petitioner is a corporation organized under the laws of People's Republic of China, with its principal place of business located at: (Centralized Office Area) Room 105-27185 No. 6 Baohua Road, Hengqin New Area, Zhuhai, Guangdong Province, People's Republic of China ("PRC"). Zhongtie is in the business of investment management in the PRC and globally.

4. On November 16, 2017, Petitioner did enter into a loan agreement (the "Loan") with Shanghai Fukong Interactive Entertainment Co., Ltd. (the "Borrower"). A duly certified true and accurate copy of the Loan, together with a certified English translation thereof, is attached hereto as **Exhibit A**.

5. The Loan provided, in pertinent part, that the Borrower would borrow RMB 30,000,000 from Petitioner, at an annual interest rate of 20%, with the loan term set to expire 9 months after the date Petitioner issued the loan principal to the Borrower. Repayment terms required that the Borrower pay monthly interest throughout the term of the Loan and the principal would be due after the expiration of the term.

6. The Loan provided that any dispute between the parties was to be resolved via arbitration:

    i. The Loan shall be governed by the laws of the PRC;

    ii. Any dispute arising from performance of the Loan are to be dealt with through good-faith negotiation between the parties, and if such negotiation fails, either party would be entitled to initiate arbitration before the Commission.

*See* Exhibit A, Art. 10.6

7. In order to further secure its rights as the lender under the Loan, on November 16, 2017, Petitioner did execute three separate Performance Joint Liability Guarantee Letters ("Personal Guarantees") with the Respondent, corporate parties including Shanghai Zhongji Enterprise Group Co., Ltd., and a second individual, Liang Xiuhong (together, the "Guarantors"). A duly certified true

and accurate copy of the Personal Guarantee executed by the Respondent, together with a certified English translation thereof, is attached hereto as **Exhibit B**.

8. The Personal Guarantees provided that the Guarantors assumed joint and several liability for the Borrower, which liability included loan principal, interest, damages, expenses, and other costs payable by the Borrower under the Loan. The period of the Personal Guarantee was 2 years from the expiration of the Loan term. *See* **Exhibit B**.

9. The Personal Guarantee also contains the Agreement to Arbitrate between Petitioner and Respondent, which provides:

   i. The Guarantees shall be governed by the laws of the PRC;
   ii. Any disputes arising from the performance of the Guarantees shall be settled in the same way as agreed under the Loan.

*Id*., Art. 11.

10. Crucially, Respondent affixed his personal seal and signatures to the Personal Guarantee. *Id*. At the time of execution of the Loan and Personal Guarantee and continuing through the arbitration proceedings, the Respondent was the actual controller of the Borrower and held 95% of the equity of the corporate Guarantor, Shanghai Zhongji Enterprise Group Co., Ltd.

11. On December 22, 2017, Petitioner did transfer the Loan principal, a total of RMB 30,000,000, to the Borrower, thus fixing the expiration of the Loan term as September 22, 2018. Prior to this transfer, the Borrower, in accordance with the terms of the Loan, did execute an "Entrusted Collection Letter" with a third-party entity, which document instructed Petitioner to transfer the loan principal to an account held by that third-party entity.

12. Following the transfer of loan principal, a dispute arose between the parties concerning the parties' rights and obligations under the Loan Contract, specifically surrounding the continuing failure of the Borrower to make the required interest payments. Ultimately, the Borrower failed to make any repayments of loan principal when it became due at the expiration of the Loan term on September 22, 2018.

13. On May 28, 2018, in the wake of Borrower's ongoing failure to remit the periodic interest payments required by the Loan, Petitioner sought to initiate arbitration proceedings against

the Borrower and the Guarantors in accordance with the Loan Contract before the Commission. It was assigned case no.: (2018) J.Z.A.Z. No. 1421 (the "Arbitration Request").

14. On July 17, 2018, Petitioner transferred its interest in RMB 15,000,000 of the loan principal owed by the Borrower and guaranteed by the Respondent, to a third-party (the "Recoupment Agreement"). The third-party would pay Petitioner in two tranches of RMB 7,500,000 each. As part of the Recoupment Agreement, Petitioner agreed to request the withdrawal of the Arbitration Request within 5 business days of receiving the first transfer from the third-party. The third-party would then transfer the last tranche within 5 business days of receiving notice of the submission of the request to withdraw.

15. Following the request for withdrawal made by the Petitioner in accordance with the Recoupment Agreement, the Commission revoked the matter on November 20, 2018. The tranches were received on September 29, 2018, and November 28, 2018.

16. On November 20, 2018, Petitioner initiated another arbitration proceeding against the Borrower, the Respondent, and the other two remaining Guarantors, to recover the remaining RMB 15,000,000 in principal. The Commission accepted the matter and assigned it case no.: (2018) J.Z.A.Z. No. 4111 (the "Arbitration").

17. The Arbitration was governed by the ordinary procedures contained within the "Arbitration Rules of the Beijing Arbitration Commission" (the "Rules"), as implemented by the Commission since April 1, 2015.

18. On January 25, 2019, the Borrower did file an objection with the Commission regarding jurisdiction. On June 11, 2019, the Commission issued a decision authorizing the Tribunal to make a decision regarding the jurisdictional issue presented by the Borrower. Because the parties did not select a panel in accordance with the schedule required by the Rules, the Commission chose a three-person Tribunal and assigned them to this matter on the same day, June 11, 2019. The Commission served notice of the formation of the Tribunal and the notice of the hearing date set for July 11, 2019, to Petitioner, Borrower, Respondent, and the Guarantors. No objections were raised prior to the hearing date by any parties.

Declaration of Rongping Wu in Support of Petition to Confirm Arbitration Award

19. Despite being duly notified of the hearing by the Commission, Respondent and the Guarantors did not appear on July 11, 2019.

20. At the hearing, the Borrower sought the recusal of one of the chosen arbitrators, and consequently the Tribunal was suspended. After briefing the issue, on November 5, 2019, the Commission rejected the Borrower's arguments for recusal and retained the chosen arbitrator, setting the matter for another hearing on December 17, 2019. The Commission was responsible for service of the notice of hearing.

21. On December 17, 2019, the Tribunal held a hearing at which the Petitioner and the Borrower appeared but, despite being duly notified, the Respondent and the Guarantors failed to appear for once again.

22. The Tribunal tried the matter in accordance with the Rules and heard the present parties' respective arguments, facts, and evidences. Additionally, the Tribunal provided the parties with an opportunity to cross-exam and challenge the presented evidences. Moreover, the Tribunal conducted an investigation and independent verification of the facts as alleged by the parties. Finally, the Tribunal extended the time within which to conduct the proceedings in order to afford more opportunity to the parties that did not appear to make an appearance and participate.

23. After almost four months of deliberation, on March 24, 2020, the Tribunal delivered a final award in favor of the Petitioner. The Award was issued in Mandarin, the language of the Arbitration, and assigned number: (2020) J.Z.C.Z. No. 0455. A duly certified true and accurate copy of the Award issued by the Commission and dated March 24, 2020, together with a certified English translation thereof, is attached hereto as **Exhibit C**. The Award provides in pertinent part:

    i. Pursuant to the Loan and respective evidences presented by the parties, the Borrower is liable to Zhongtie for the RMB 15,000,000 in unpaid loan principal;

      ii. Pursuant to the Loan and respective evidences presented by the parties, as of November 20, 2018, the Borrower was liable to Zhongtie for the RMB 5,316,700 in unpaid loan interest;

      iii. Pursuant to the Loan, the Borrower is liable to Zhongtie for loan interest on the unpaid principal, calculated from November 21, 2018, at 20% per annum, until the date the unpaid principal has been repaid;

      iv. Borrower is liable for attorneys' fees of RMB 10,000 and the arbitration fee of RMB 149,183.50; and

      v. Yan and the other Guarantors, by virtue of the Personal Guarantees executed between them and the Petitioner, were jointly and severally liable to Petitioner for the above enumerated amounts owed by the Borrower.

24. To the best of my knowledge, no proceedings have been commenced in the PRC for the purpose of correcting or interpreting the Award, or to otherwise contest its validity. Chinese law requires that any such application be brought within six (6) months of service of an arbitration award upon the adverse parties. *See* Zhongcai Fa (仲裁法) [Arbitration Law] Art. 59, a true and accurate copy, available from Lexis, is attached hereto as **Exhibit D** (2017 LEXIS 1299). In accordance with the Rules, the Award became final and enforceable on the date it was issued by the Tribunal, March 24, 2020. The respondents to the Arbitration had until September 24, 2020, to contest the validity of the Award. The amounts are now long overdue and payable to the Petitioner.

25. To-date, the Respondent, the Borrower, and the other Guarantors have failed to pay any amount owed pursuant to the Award.

26. The current amount outstanding and payable by the Respondent under the Award is RMB 20,475,883.50 plus any accrued per diem interest of RMB 8,219.18 beginning on November 21, 2018, for a total accrued interest in the amount of RMB 9,920,547.95 as of March 11, 2022. In total, as of March 11, 2022, Respondent owes Petitioner RMB 30,396,431.45 under the Award.

Dated: March 28, 2022
       New York, New York

By: /s/ Rongping Wu

Rongping Wu, Esq.