# EXHIBIT C

# 公 证 书

中华人民共和国北京市方圆公证处

# 裁决书

# ARBITRAL AWARD



**BIAC** | 北京仲裁委员会
Beijing Arbitration Commission
北京国际仲裁中心
Beijing International Arbitration Center

# 北 京 仲 裁 委 员 会
## 裁 决 书

（2020）京仲裁字第 0455 号

申　请　人：中铁大成（珠海）投资管理有限公司

住　　　所：广东省珠海市横琴新区宝华路 6 号 105 室
　　　　　　 −27185（集中办公区）

法定代表人：岑　菁　　　总经理

委托代理人：何　焘　　　北京市中银律师事务所律师

委托代理人：琚海波　　　北京市中银律师事务所律师

被 申 请 人：上海富控互动娱乐股份有限公司

住　　　所：上海市虹口区广粤路 437 号 2 幢

法定代表人：叶建华　　　总经理

委托代理人： 王曦明　　德恒上海律师事务所律师

委托代理人： 李原草　　德恒上海律师事务所律师

委托代理人： 巩志芳　　北京衡宁律师事务所律师

被 申 请 人：上海中技企业集团有限公司

住　　　所：上海市虹口区霍山路 201 号 3 幢 108 室

法定代表人：杨福茂

被 申 请 人：颜静刚

身份证号码：332623197812274574

住　　　址：上海市虹口区凉城路 357 弄 14 号 1101 室

被 申 请 人：梁秀红

身份证号码：332623197811175363

住　　　址：上海市虹口区凉城路 357 弄 14 号 1101 室

北京仲裁委员会（以下简称本会）根据申请人中铁大成（珠海）投资管理有限公司（以下简称申请人）向本会提交的仲裁申请书，以及申请人与被申请人上海富控互动娱乐股份有限公司（以下简称被申请人一）于 2017 年 11 月 16 日签订的编号为 ZTDC-JKHT1711-06 的《借款合同》（以下简称《借款合同》）、申请人与被申请人上海中技企业集团有限公司（以下简称被申请人二）、被申请人颜静刚（以下简称被申请人三）、被申请人梁秀红（以下简称被申请人四，与被申请人一、二、三合称被申请人）于 2017 年 11 月 16 日签订的二份《履约连带责任保证担保函》中的仲裁条款（简称《担保函》，与《借款合同》合 称本案合同）及有关法律的规定，于 2018 年 11 月 20 日受理了申请人与被申请人之间因本案合同所引起的争议仲裁案（以下简称本案）。本案编号为(2018)京仲案字第 4111 号。

本案适用本会自 2015 年 4 月 1 日起施行的《北京仲裁委员会仲裁规则》（以下简称仲裁规则）中的普通程序的规定。

本会受理本案后，向申请人送达了本案受理通知、仲裁规则及仲裁员名册，并向被申请人送达了申请人提交的全部仲裁材料、答辩通知、以及仲裁规则和仲裁员名册。

2019 年 1 月 25 日，本会收到被申请人一提出的管辖权异议申请书，本会送达了各方当事人。

　　2019 年 6 月 11 日，本会作出《关于（2018）京仲案字第 4111 号仲裁案管辖权问题的决定》认为，本案管辖权问题涉及实体问题的查明和审理，决定授权仲裁庭就管辖权问题作出决定。

　　因各方未能按期选定仲裁员，各方亦未按期共同选定首席仲裁员，依据本会仲裁规则，本会主任指定程慧平女士担任本案首席仲裁员、指定丁丁女士、朱伟一先生担任本案仲裁员，于 2019 年 6 月 11 日组成仲裁庭。同日，仲裁庭决定于 2019 年 7 月 11 日开庭审理本案。本会按照仲裁规则的规定向各方送达了组庭通知、开庭通知。各方在开庭前均未对仲裁庭组成方式和组成人员提出异议。

　　仲裁庭审阅了当事人提交的全部书面材料，于 2019 年 7 月 11 日在北京对本案进行开庭审理。申请人的委托代理人和被申请人一的委托代理人到庭出席了庭审。经本会书面通知，被申请人二、被申请人三、被申请人四无正当理由未到庭，仲裁庭根据《中华人民共和国仲裁法》（以下简称《仲裁法》）和仲裁规则的规定，决定对本案进行缺席审理。庭审中，被申请人一当庭提交《回避申请书》，申请首席仲裁员程慧平女士回避。仲裁庭庭审中止。本会向仲裁庭全体成员及各方当事人送达了被申请人一的回避申请书，申请人不同意回避申请，其余被申请人未对被申请人一申请首席仲裁员回避事项发表书面意见。2019 年 11 月 5 日，本会主任作

出《关于（2018）京仲案字第 4111 号仲裁案仲裁员程慧平不予回避的决定》，认为被申请人一并未举证证明首席仲裁员程慧平女士存在应当回避的情形，驳回被申请人一的回避申请，仲裁员程慧平女士继续审理本案。

仲裁庭决定于 2019 年 12 月 17 日再次开庭审理本案，并将开庭通知送达各方当事人。

2019 年 12 月 17 日，仲裁庭如期在北京开庭审理本案。申请人的委托代理人和被申请人一的委托代理人到庭出席了庭审。经本会书面通知，被申请人二、被申请人三、被申请人四无正当理由未到庭，仲裁庭根据《仲裁法》和仲裁规则的规定，决定对本案进行缺席审理。仲裁庭听取了申请人陈述的事实与理由、被申请人一的答辩，组织双方进行了举证、质证，对与本案有关的事实进行了调查和核实，并听取了双方的辩论意见和最后陈述意见。

基于本案实际情况，经首席仲裁员申请，由本会秘书长批准，本案审限予以延长。

本案现已全部审理完结。仲裁庭根据庭审情况和证据材料，依照相关法律及仲裁规则规定，经合议，作出本裁决。

现将本案案情、仲裁庭意见和裁决分述如下：

一　案　　情

（一）申请人的仲裁申请

申请人称：2017年11月16日，申请人与被申请人一签订《借款合同》，约定被申请人一向申请人借款3000万元（指人民币，下同，仲裁庭注），借款期限自借款合同约定的事项全部办理完毕且通过银行划付借款之日（借款发放之日）起届满9个月之当日，借款年利率20%。利息支付方式为，自借款发放之日起届满1个月之当日，被申请人一应向申请人支付第一个月借款利息，自借款发放之日起届满2个月之当日，被申请人一应向申请人支付第二个月借款利息，以后支付利息的日期和金额，依此类推。被申请人二、被申请人三、被申请人四依法向申请人出具了书面的《担保函》。

2017年12月22日，申请人按双方合同约定将借款本金划拨至被申请人一指定的银行账户。至此，申请人依约履行完毕借款合同约定的全部义务。但被申请人一未按借款合同约定向申请人支付借款利息，也未在借款合同约定的借款期限届满之当日偿还借款本金。

为此，申请人依据本案合同中约定的仲裁条款提起仲裁，其仲裁请求为：

1. 被申请人一向申请人偿还借款本金共计 1500 万元；

2. 被申请人一向申请人支付借款利息：（1）2017 年 12 月 22 日至 2018 年 9 月 28 日期间的利息，3000 万元×280 天×20%÷360 天＝466.67 万元；（2）2018 年 9 月 29 日至

2018 年 11 月 20 日期间的利息：2250 万元×52 天×20%÷360 ＝65 万元；（3）2018 年 11 月 21 日至被申请人一实际足额偿还完毕借款本金 1500 万元之日止的计算方式：1500 万元×天数×20%÷360 天；

3. 被申请人一向申请人支付律师费 10000 元；

4. 本案仲裁费用由被申请人一全部承担；

5. 被申请人二、被申请人三、被申请人四对上述第 1 项至第 4 项仲裁请求承担连带责任。

申请人为支持其仲裁请求，向仲裁庭提交了如下证据材料：

证据 1.《借款合同》；

证据 2.《担保函》；

证据 3. 委托收款函；

证据 4. 银行回单；

证据 5. 委托代理合同及律师费发票。

申请人出示了全部证据的原件，经核对，证据原件与复印件一致。被申请人一对申请人全部证据的真实性均予以认可，对关联性均不认可。

（二）被申请人的答辩意见

被申请人一答辩称：第一，《借款合同》不实，其记载的内容不是被申请人一的真实意思表示，被申请人一并非真实借款人，不应当承担1500万元的返还责任；第二，申请人

所主张的自2017年12月22日至2018年9月28日期间以3000万
元为基准计算的利息没有依据，其余两项利息也没有依据；
第三，因被申请人一并非本案真实借款人，不应当承担本案
的律师费；第四，本案仲裁费不应当由被申请人一承担。

被申请人一为支持其答辩意见，向仲裁庭提交如下证据
材料：

证据1.《上海富控互动娱乐股份有限公司章程》（2017
年6月）；

证据2.《上海证券交易所股票上市规则》（2014版节选）；

证据3.上海杰佩实业有限公司《企业信用信息公示报
告》；

证据4. 2018沪74民初1301号民事判决书；

证据5.编号DB-ZTDC《协议书》《债权债务结清确认函》；

证据6.苏州正悦企业管理有限公司《企业信用信息公示
报告》；

证据7.《关于撤销（2018）京仲案字第1421号争议仲裁
案的决定》；

证据8.吴汝清银行凭证；

证据9.吴汝清《公证书》。

被申请人一出示了证据8、证据9的原件，经核对，证据
8、证据9原件与复印件一致。申请人对被申请人一全部证据
的真实性均予以认可，对证明目的均不认可。

被申请人二、被申请人三、被申请人四未参加本案庭审，也未提书面意见和证据材料。

二 仲裁庭意见

（一）关于本案的事实

2017 年 11 月 16 日，申请人作为乙方（出借人）、被申请人一作为甲方（借款人），双方签订《借款合同》，主要约定：

1. 借款金额不低于 3000 万元（实际借款金额以出借人通过银行划付借款的凭证所载金额为准），借款利率为年利率 20%，借款用途为流动资金，借款期限自本合同第三条第 3.2 款约定的事项全部办理完毕且乙方通过银行划付借款之日（借款发放之日）起届满 9 个月之当日（每个月按 30 个自然日计算，下同）；借款发放之日起届满 1 个月之当日，甲方向乙方支付第一个月借款利息，自借款发放之日起届满 2 个月之当日，甲方向乙方支付两个月借款利息，以后支付利息的日期及金额，依此类推；

2. 第三条 3.1.1 甲方需将指定的收款账户于乙方划付借款之前通过《委托收款函》书面送达乙方，乙方将借款付至甲方指定账户之当日即视为起息日，乙方在银行划付借款的凭证为本合同项下借款发放及本息偿还的有效证据；

3.1.2 乙方将借款付至《委托收款函》约定的甲方指定账户之日，则视为乙方已履行完毕本合同项下的义务；3.2 在下列条件全部符合时，乙方才可发放借款（1）甲方未发生或不存在本合同所约定的任一条款违约事件或违约行为；（2）本合同已经双方签署并生效；

3.第八条违约责任 甲方未按合同约定偿还借款、支付利息及其他应付费用，除必须按数支付外，需向乙方支付欠款金额每日 1‰的违约金；因甲方违约致使乙方采取诉讼方式实现债权的，甲方应承担乙方为实现债权而支付的全部相关费用，该费用包括但不限于催收费、诉讼费、评估费、保全费，公告费，律师费，执行费，差旅费等。在履行合同过程中发生的一切争议，各方应友好协商解决，协商不成的，各方均有权向北京仲裁委员会提起仲裁。

同日，被申请人二、被申请人三和被申请人四作为保证人，向申请人出具二份《担保函》，主要内容为：

1.为保证申请人依据《借款合同》所享有的权利得以实现，保证人自愿且无条件为被申请人一提供连带责任保证担保；保证范围为《借款合同》项下之借款本金、利息、罚息、违约金、损害赔偿金、实现债权和担保权利的费用以及所有被申请人一依据《借款合同》应当支付的其他费用；

2.保证期间为自《借款合同》项下借款期限届满之日起两年；

3. 因《担保函》所产生的争议，保证人同意采用《借款合同》所约定的纠纷解决方式。

同日，被申请人一向申请人出具《委托收款函》，载明：因业务需要，被申请人一委托上海杰佩实业有限公司（以下简称杰佩实业）代被申请人一收取申请人拟发放的借款 3000 万元（最终数额以实际发放的借款金额为准），并请申请人将《借款合同》项下的借款金额支付至《委托收款函》中指定的杰佩实业账户，指定账户收到款项后即视为被申请人一收款，同时亦视为申请人已履行完毕《借款合同》项下的出借义务，若由此引发的一切责任或纠纷由被申请人一承担。

2017 年 12 月 22 日，申请人向《委托收款函》中指定的杰佩实业账户汇款 3000 万元，注明用途为借款。

2018 年 5 月 28 日，本会受理申请人就与被申请人一、浙江尤夫高新纤维股份有限公司（以下简称浙江尤夫）、被申请人二、被申请人三、被申请人四之间签订的《借款合同》、三份《履约连带责任保证担保函》引起的争议所提交的仲裁申请，案件编号为（2018）京仲案字第 1421 号。

2018 年 7 月 17 日，申请人与苏州正悦投资管理有限公司（以下简称苏州正悦）签订编号为 DB-ZTDC《协议书》，主要约定：申请人同意将《借款合同》项下本金中的 1500 万元转让给苏州正悦，转让价格为 1500 万元，第一笔转让款付款时间为 2018 年 9 月 30 日之前支付 50%；申请人收到

第一笔转让款后应在 5 个工作日内向本会提交撤裁申请书，撤回对浙江尤夫的仲裁申请；苏州正悦收到申请人提供本会同意撤裁决定书后在 5 个工作日内向申请人支付第二笔 50% 的债权转让款；苏州正悦按照本协议约定支付全部转让款时，浙江尤夫对《借款合同》的所有担保责任即自动免除，申请人不再对浙江尤夫提出任何履行保证担保的请求和其他权利主张。申请人在庭审中认可苏州正悦已委托第三方上海尧阔企业管理中心有限合伙按照上述约定向其支付转让款 1500 万元，支付时间分别是 2018 年 9 月 29 日支付 750 万，2018 年 11 月 28 日支付 750 万。

2018 年 11 月 20 日，依据申请人提交的撤回仲裁请求申请，本会作出（2018）京仲撤字 0787 号《关于撤销（2018）京仲案字第 1421 号争议仲裁案的决定》，决定撤销该案。同日，申请人向本会提出本案仲裁申请。

另查明，在《借款合同》签订时，被申请人三持有被申请人二 95%股权。被申请人一在庭审中认可被申请人三仍是被申请人一的实际控制人。

申请人因《借款合同》纠纷案与北京市中银律师事务所签订《委托代理合同》，约定律师费为 10000 元。

（二）关于本案合同效力

申请人与被申请人一签订的《借款合同》是否为被申请人一的真实意思表示是本案的主要争议焦点。被申请人一认

为《借款合同》约定的借款金额没有上限，在《借款合同》并没有经过被申请人一公司权力机关决议的情况下，申请人仍将借款打入了与被申请人一没有关联的第三方公司杰佩实业，说明申请人在借款的过程中并非善意的借款人，依据《合同法》第五十条规定，法定代表人越权代表的行为不应当约束公司，故《借款合同》不能代表被申请人一的真实意思表示。

仲裁庭认为，《借款合同》上有双方当事人的公章和法定代表人签字，公章和法定代表人签字可以对外代表公司的意思表示，被申请人一对其公章和签字的真实性并未提出异议，也未提交予以反驳的相反证据。被申请人一提交的证据1《上海富控互动娱乐股份有限公司章程》以及证据2《上海证券交易所股票上市规则》，均为对被申请人一自身具有约束力的文件，其未提交证据证明申请人应当接受这两份文件的约束，也未举出法律法规对法定代表人代表公司对外签订《借款合同》有特别规定的依据，因此，被申请人一提交的证据不能有效证明被申请人一的法定代表人系超越权限签订《借款合同》，更不能有效证明申请人对此知道或者应当知道。在借款法律关系中，约定借款金额的上限或者下限、在履行中以实际划款确定借款金额，以及约定由第三方代为收取款项，均是较为常见的现象，被申请人一以《借款合同》约定的借款金额没有上限、借款打入了与被申请人一没有关

11

联的第三方公司杰佩实业为由主张申请人并非善意相对人，仲裁庭不予采信。

被申请人二、被申请人三和被申请人四向申请人出具的二份《担保函》上，有各方当事人的公章或签字，被申请人二、被申请人三和被申请人四对《担保函》的真实性均未提出异议。

因此，根据现有证据，仲裁庭认为本案合同是各方当事人的真实意思表示，内容不违反法律、行政法规的强制性规定，应属合法有效。

（三）关于被申请人一的管辖权异议

被申请人一向本会提出管辖权异议，认为其作为上市公司对公账管理有严格限制，经内部审查，未发现有关于《借款合同》的用章记录，无法确认《借款合同》中被申请人一公章的真实性，因而在《借款合同》中公章真实性无法确认的情况下，本会对本案没有管辖权。申请人则认为《借款合同》加盖了双方的公章，是双方真实意思表示，且其中的仲裁条款约定明确，因此本会对本案有管辖权。其他被申请人未就管辖权问题发表意见。

对于，仲裁庭注意到，虽然被申请人一提出了对于《借款合同》中其公章提出质疑，但是并未向仲裁庭提交书面的公章鉴定申请，也未能向仲裁庭提交关于《借款合同》中其公章可能系伪造或是存在其他足以使得仲裁庭对于《借款合

同》是否系其真实意思表示产生怀疑的证据，且在本案庭审中被申请人一亦认可《借款合同》的真实性。同时，被申请人一所述公章管理手续系其内部管理制度，在被申请人一并未举证证明存在因为该制度可能影响其真实意思表示或是《借款合同》及其仲裁条款效力的情况下，仲裁庭对于被申请人一这一抗辩不予采信。因此，在被申请人一并未举证证明存在《仲裁法》规定的仲裁协议无效或是其他足以影响本会对本案管辖权的情况下，仲裁庭驳回被申请人一提出的管辖权异议，本会对本案有管辖权。

（四）关于申请人的仲裁请求

1. 关于被申请人一偿还借款本金的仲裁请求

申请人要求被申请人一偿还借款本金 1500 万元，被申请人一认为其不是真实借款人，不同意承担还款责任。

仲裁庭认为，《借款合同》明确约定被申请人一通过《委托收款函》向申请人指定收款账户，申请人将借款付至被申请人一指定账户即视为履行完毕出借款项的义务。申请人在本案中提交的证据表明其已向被申请人一在《委托收款函》中指定的杰佩实业账户转入借款 3000 万元，故可以认定申请人已按照《借款合同》约定履行了出借义务，依法应对被申请人一享有债权。在被申请人一未提交有效证据推翻《借款合同》的真实性以及合法有效性的情况下，其关于不是真实借款人的主张，不能成立，也不能有效对抗申请人依据《借

款合同》对其享有的债权。《借款合同》约定的借款期限已届满，被申请人一作为借款人，应当承担还款责任。申请人在本案中自认其通过债权转让已收回借款本金 1500 万元，要求被申请人一偿还剩余 1500 万元本金，申请人的自认并未加重被申请人一的还款责任，仲裁庭对此不持异议，对申请人的此项仲裁请求，予以支持。

2. 关于被申请人一支付借款利息的仲裁请求

仲裁庭认为，如前所述，被申请人一应当向申请人承担还款责任，包含借款本金和借款利息。被申请人一在庭审中主张申请人有收取"砍头息"的行为，但被申请人为此提交的证据 8、证据 9，其证据内容不能显示与本案的关联性，申请人对此不予认可，被申请人一亦未提交其他证据予以佐证，故仲裁庭不予采信。《借款合同》约定的借款期内利率标准为年利率 20%，并约定逾期还款需按日 1‰ 标准支付违约金。申请人在本案中主张的借款期内和逾期后的利率标准均为 20%，不高于合同的约定，仲裁庭予以支持。因申请人在庭审中自认通过债权转让收回了本案合同项下 1500 万元借款本金，分别是于 2018 年 9 月 29 日收回 750 万，2018 年 11 月 28 日收回 750 万。故被申请人一应偿还的利息应分段计算，虽然申请人自认的第二笔款项还款时间为 2018 年 11 月 28 日，但其请求中主张自 2018 年 11 月 21 日起即按照 1500 万元的本金计算利息，按其主张并未加重被申请人一的还款

责任，仲裁庭予以认可。因此，截止至 2018 年 11 月 20 日，被申请人一应当偿还的利息为 534.58 万元，具体计算方式如下：

| 计息本金 | 起息日 | 止息日 | 天数 | 利率 | 利息 |
|---|---|---|---|---|---|
| 3000 万元 | 2017/12/22 | 2018/9/28 | 281 | 20% | 468.33 万元 |
| 2250 万元 | 2018/9/29 | 2018/11/20 | 53 | 20% | 66.25 万元 |
| 合计 | | | | | 534.58 万元 |

鉴于申请人仅主张 531.67 万元（466.67＋65），并未超过前述金额，仲裁庭予以认可。同时，被申请人一还应当向申请人偿还自 2018 年 11 月 21 日起至实际还清之日至，以 1500 万元为基数，按照年利率20%计算的借款利息。

3. 关于被申请人一支付律师费的仲裁请求

申请人向仲裁庭提交了《委托代理合同》及律师费发票，用以证明其为本案委托律师，约定律师费 10000 元。仲裁庭认为，结合本案的具体情况，该律师费应由被申请人一承担。根据仲裁规则第五十一条第（四）款的规定，仲裁庭对此项仲裁请求予以支持。

4. 关于本案仲裁费的承担

结合本案具体情况，根据本会仲裁规则第五十一条的规定，仲裁庭认为，本案仲裁费应由被申请人一全部承担。

5. 关于被申请人二、被申请人三、被申请人四承担连带责任的仲裁请求

仲裁庭认为，被申请人二、被申请人三和被申请人四向申请人出具的二份《担保函》中明确约定，被申请人二、被申请人三和被申请人四作为保证人，就被申请人一在《借款合同》项下的还款义务向申请人提供连带责任保证担保。根据《中华人民共和国担保法》第十八条规定"当事人在保证合同中约定保证人与债务人对债务承担连带责任的，为连带责任保证。连带责任保证的债务人在主合同规定的债务履行期届满没有履行债务的，债权人可以要求债务人履行债务，也可以要求保证人在其保证范围内承担保证责任。"本案中，被申请人一在《借款合同》约定的借款期限届满后未按约向申请人还款，申请人要求被申请人二、被申请人三和被申请人四承担的保证责任未超出《担保函》约定的保证范围，故仲裁庭予以支持。

## 三　裁　　决

仲裁庭依据所认定的事实，以及本案合同的约定及相关法律规定，经合议，裁决如下：

（一）被申请人一向申请人偿还借款本金 1500 万元；

（二）被申请人一向申请人支付截止至 2018 年 11 月 20 日的借款利息 531.67 万元；

16

（三）被申请人一向申请人支付自 2018 年 11 月 21 日起至实际还清之日至，以 1500 万元为基数，按照年利率 20% 计算的借款利息；

（四）被申请人一向申请人支付为本案支出的律师费 10000 元；

（五）本案仲裁费 149183.50 元（已由申请人全部预交），全部由被申请人一承担，被申请人一直接向申请人支付申请人代其垫付的仲裁费 149183.50 元；

（六）被申请人二、被申请人三、被申请人四对上述第（一）至（五）项仲裁请求承担连带清偿责任。

上述裁决各项被申请人应向申请人支付的款项，被申请人应于本裁决书送达之日起十日内支付完毕。逾期支付的，按《中华人民共和国民事诉讼法》第二百五十三条的规定，加倍支付迟延履行期间的债务利息。

（本页以下无正文，接下页）

本裁决为终局裁决，自作出之日起生效。


首席仲裁员(签字): 

仲　裁　员(签字): 

仲　裁　员(签字):

2020 年 3 月 24 日于北京

18



◎ 北京市朝阳区建国路118号招商局大厦16层   ◎ 16/F China Merchants Tower, No.118 Jian Guo Road, Chaoyang District, Beijing 100022, China

◎ 电话 Tel: (010) 6566 9856   ◎ 传真 Fax: (010) 6566 8078   ◎ E-mail: bjac@bjac.org.cn   ◎ 网址 Website: www.bjac.org.cn   ◎ 邮编: 100022

# 公　证　书

（2021）京方圆外经证字第 01021 号

申请人：中铁大成（珠海）投资管理有限公司，住所珠海市横琴新区宝华路 6 号 105 室-27185（集中办公区）。

法定代表人：岑菁，女，1982 年 6 月 5 日出生，公民身份号码 110101198206053524。

委托代理人：琚海波，男，1988 年 10 月 10 日出生，公民身份号码 140427198810102412。

公证事项：影印件与原件相符

兹证明前面的影印件与申请人中铁大成（珠海）投资管理有限公司的委托代理人琚海波出示给本公证员的裁决书的原件相符。

中华人民共和国北京市方圆公证处

公证员　王丽亚



二〇二一年三月一日

[ [ C500/371 ]

# ARBITRAL AWARD

**BAC** | Beijing Arbitration Commission

Beijing International Arbitration Center



Beijing Arbitration Commission

# ARBITRAL AWARD

(2019) J.Z.C.Z.No. 0455

| | |
|---|---|
| The Applicant: | China Railway Dacheng (Zhuhai) Investment Management Co., Ltd. |
| Address: | (Centralized Office Area) Room 105-27185 No. 6 Baohua Road, Hengqin New Area, Zhuhai, Guangdong Province |
| Legal Representative: | Cen Jing      General Manager |
| Entrusted agent: | He Tao      Lawyer from Zhong Yin Law Firm |
| Entrusted agent: | Ju Haibo      Lawyer from Zhong Yin Law Firm |

| | |
|---|---|
| Respondent: | Shanghai Fukong Interactive Entertainment Co., Ltd. |
| Address: | Tower 2, No. 437 Guangyue Road, Hongkou District, Shanghai |
| Legal Representative: | Ye Jianhua      General Manager |



| Entrusted agent: | Wang Ximing | Lawyer from Deheng Law Offices, Shanghai |
| Entrusted agent: | Li Yuancao | Lawyer from Deheng Law Offices, Shanghai |
| Entrusted agent: | Gong Zhifang | Lawyer from Hengning Law Offices, Beijing |

Respondent:            Shanghai Zhongji Enterprise Group Co., Ltd.

Address:                Room 108, Tower 3, No. 201 Huoshan Road, Hongkou District, Shanghai

Legal Representative:    Yang Fumao

Respondent:            Yan Jinggang

ID Number:             332623197812274574

Residence:             Room 1101, No. 14 Nong 357 Liangcheng Road, Hongkou District, Shanghai

Respondent:            Liang Xiuhong

ID Number:             332623197811175363

Residence:             Room 1101, No. 14 Nong 357 Liangcheng Road, Hongkou District, Shanghai



Beijing Arbitration Commission (hereinafter referred to as the Commission), based on the arbitration application submitted by the applicant China Railway Dacheng (Zhuhai) Investment Management Co., Ltd. (hereinafter referred to as the applicant) to the Commission, and the loan contract No. ZTDC-JKHT1711-06 (hereinafter referred to as the loan contract) signed between the applicant and the respondent Shanghai Fukong Interactive Entertainment Co., Ltd. (hereinafter referred to as the respondent 1) on November 16, 2017, and the arbitration clauses in the two "Performance Joint Liability Guarantee Letter" (referred to as the "Letter of Guarantee", and the "Loan Contract" collectively referred to as the contract in this case)s igned by the applicant and the respondent Shanghai Zhongji Enterprise Group Co, Ltd. (hereinafter referred to as Respondent 2), Respondent Yan Jinggang (hereinafter referred to as Respondent 3), and Respondent Liang Xiuhong (hereinafter referred to as Respondent 4, and Respondent 1, 2, and 3 are collectively referred to as Respondent) on November 16, 2017 and relevant laws and regulations, we accepted the arbitration case of dispute between the applicant and the respondents arising from the contract in this case (hereinafter referred to as the case) on November 20, 2018. The case number is (2018) J.Z.A.Z. No. 4111.

This case is governed by the ordinary procedures in the "Arbitration Rules of the Beijing Arbitration Commission" (hereinafter referred to as the Arbitration Rules) implemented by the Commission since April 1, 2015.

After accepting the case, the Commission delivered the notice of acceptance of the case, the arbitration rules and the list of arbitrators to the applicant, and served all the arbitration materials submitted by the applicant, the notice of defense, and the arbitration rules and the list of arbitrators to the respondent.

On January 25, 2019, the Commission received a jurisdiction objection application filed by Respondent 1, and the Commission served it to all parties.

On June 11, 2019, the Commission made the "Decision on the Jurisdiction Issues in the (2018) J.Z.A.Z.No. 4111 Arbitration Case", which held that the jurisdiction issue in this case involved the identification and trial of substantive issues, and decided to authorize the arbitration tribunal to make a decision on the jurisdiction.

Because the parties failed to select the arbitrators on schedule, and the parties did not jointly select the presiding arbitrators on time, according to the arbitration rules of this Commission, the director of this Commission appointed Ms. Cheng Huiping as the presiding arbitrator of this case, and appointed Ms. Ding Ding and Mr. Zhu Weiyi as he arbitrators of this case, and formed the arbitration tribunal on June 11, 2019. On the same day, the arbitration tribunal decided to hold a hearing on the case on July 11, 2019. According to the provisions of the arbitration rules, the Commission served the notice of the formation of the court and the notice of the hearing to all parties, and none of the parties raised any objections to the composition and members of the arbitral tribunal before the hearing.

The arbitration tribunal reviewed all the written materials submitted by the parties and held a hearing on the case in Beijing on July 11, 2019. The entrusted agent of the applicant and the entrusted agent of the respondent 1 attended the court hearing. After being notified in writing by the Commission, the Respondent 2, Respondent 3, and Respondent 4 fail to appear in court without proper reason, the arbitration tribunal shall follow the provisions of the Arbitration Law of the People's Republic of China (hereinafter referred to as the Arbitration Law) and the arbitration rules, decide to hear the case in absentia. During the trial, the respondent 1 submitted the "Application for Withdrawal" in court and applied for the recusal of Ms. Cheng Huiping, the presiding arbitrator. The arbitration tribunal was suspended. The Commission delivered the "Application for Withdrawal" of Respondent 1 to all the members of the arbitration tribunal and all parties. The applicant did not agree to the withdrawal application, and the remaining respondents did not express written opinions on the withdrawal of Respondent 1's application for the presiding arbitrator. On November 5, 2019, the director of the Commission made the

2

``Decision on the Non-Withdrawal of the arbitrator Cheng Huiping in the (2018) J.Z.A.Z. No. 4111 Arbitration Case ", and believed that the respondent 1 did not provide evidence to prove the existence of the presiding arbitrator Ms. Cheng Huiping in the circumstances that should be withdrew, the respondent 1's application for withdrawal was rejected, and Ms. Cheng Huiping, the arbitrator, continued to hear the case.

The arbitration tribunal decided to hold another hearing on the case on December 17, 2019, and would serve the notice of the hearing to all parties.

On December 17, 2019, the arbitration tribunal held a hearing in Beijing as scheduled to hear the case. The entrusted agent of the applicant and the entrusted agent of the respondent 1 attended the hearing. After being notified in writing by the Commission, Respondent 2, Respondent 3, and Respondent 4 did not appear in court without proper reasons, then the arbitration tribunal decided to try the case in absentia in accordance with the "Arbitration Law" and the arbitration rules. The arbitration tribunal listened to the facts and reasons stated by the applicant, and the respondent's defense, organized the two parties to present evidence and cross-examination, investigated and verified the facts related to the case, and heard the arguments and final statements of the two parties.

Based on the actual situation of the case, upon the application of the presiding arbitrator and approved by the Secretary-General of the Commission, the trial limit of the case was extended.

The case has now all been concluded. This award is made by the arbitration tribunal in accordance with the court hearing and evidence, relevant laws and arbitration rules.

The case has now all been concluded. The arbitration tribunal, based on the hearing conditions and evidence materials, in accordance with relevant laws and arbitration rules, will make this award after collegial discussion.

The facts of the case, the opinions of the arbitration tribunal and the award are described as follows:

I. The Case

3



(I) The applicant's application for arbitration

The applicant stated: On November 16, 2017, the applicant and the respondent 1 signed a "Loan Contract", stipulating that the respondent 1 would always borrow 30 million yuan from the applicant (referring to RMB, the same below, the arbitration tribunal note), the loan period expires 9 months from the day when all the matters agreed in the loan contract are completed and the loan is paid through the bank (the day the loan is issued), the annual interest rate of the borrowing is 20%. The interest payment method is that the respondent 1 shall pay the first month of loan interest to the applicant on the day when the loan expires 1 month from the date of loan issuance, on the day when the loan expires 2 months from the date of loan issuance, the respondent 1 shall pay the applicant the interest of the second month of loan, and the date and amount of interest shall be paid later, and so on. Respondent 2, Respondent 3, and Respondent 4 issued a written "Letter of Guarantee" to the applicant in accordance with the law.

On December 22, 2017, the applicant transferred the principal of the loan to the bank account designated by respondent 1 in accordance with the contract between the two parties. So far, the applicant has fulfilled all the obligations stipulated in the loan contract in accordance with the agreement. However, Respondent 1 did not pay the loan interest to the applicant in accordance with the loan contract, nor did it repay the loan principal on the day when the loan period agreed in the loan contract expired.

For this reason, the applicant initiated arbitration in accordance with the arbitration clause agreed in the contract of this case, and its arbitration requests were:

1. The respondent 1 should repay a total of 15 million yuan in loan principal to the applicant;

2. The respondent 1 should pay the applicant loan interest: (1) The interest for the period from December 22, 2017 to September 28, 2018, RMB 30 million yuan × 280 days × 20% ÷ 360 days = 4.6667 million yuan; ( 2) Interest from September 29, 2018 to November 20, 2018: 22.5 million yuan × 52 days × 20% ÷ 360 = 650,000 yuan; (3) The calculation method from

4



November 21, 2018 to the date when the actual repayment of the principal of the loan is 15 million yuan in full by the respondent: RMB 15million × days × 20% ÷ 360 days;

3. The respondent 1 shall pay attorney fees 10,000 yuan to the applicant;

4. The arbitration fee of this case shall be borne by the respondent 1;

5. The respondent 2, respondent 3 and respondent 4 shall be jointly and severally liable for the above arbitration claims mentioned in items 1 to 4.

In order to support its arbitration request, the applicant submitted the following evidence materials to the arbitration tribunal:

Evidence 1. "Loan Contract"

Evidence 2. "Letter of Guarantee";

Evidence 3. Entrusted collection letter

Evidence 4. Bank receipt;

Evidence 5. Agency contract and attorney fee invoice.


The applicant presented the originals of all the evidences, and after verification, the originals of the evidences are consistent with the copies. Respondent 1 recognized the authenticity of all the evidence of the applicant, but did not recognize the relevance.


(II) The respondents ' reply

Respondent 1 replied that: First, the Loan Contract is untrue, and the content recorded is not the true intention of Respondent 1, and Respondent 1 is not a real borrower and should not be liable for the return of RMB 15 million yuan; Second, the interest claimed by the applicant based on 30 million yuan from December 22, 2017 to September 28, 2018 has no basis, and the other two interests have no basis; third, because the respondent 1 is not the true borrower in this case and

5



should not bear the lawyer's fees in this case; fourth, the arbitration fee in this case should not be borne by the respondent 1.

Respondent 1 submitted the following evidence materials to the arbitration tribunal in support of its reply opinions:

Evidence 1. "Articles of Association of Shanghai Fukong Interactive Entertainment Co., Ltd." (June 2017);

Evidence 2. "Shanghai Stock Exchange Stock Listing Rules" (Excerpt from the 2014 edition);

Evidence 3. Shanghai Jiepei Industrial Co., Ltd. "Corporate Credit Information Publicity Report";

Evidence 4. 2018 H. 74 M.C. No. 1301 Civil Judgment;

Evidence 5. No. DB-ZTDC "Agreement" and "Confirmation Letter of Settlement of Creditor's Rights and Debts";

Evidence 6. "Corporate Credit Information Publicity Report" by Suzhou Zhengyue Enterprise Management Co., Ltd.;

Evidence 7. "Decision on Canceling (2018) J.Z.A.Z.No. 1421 Dispute Arbitration Case";

Evidence 8. Wu Ruqing's bank certificate

Evidence 9. Wu Ruqing's "Notarization"

Respondent 1 presented the originals of Evidence 8 and Evidence 9. After verification, the originals of Evidence 8 and Evidence 9 are consistent with the photocopy. The applicant recognized the authenticity of all the evidence of the respondent 1, but did not recognize the purpose of the proof.



6

Respondent 2, Respondent 3, and Respondent 4 did not participate in the trial of this case, nor did they submit written opinions and evidence materials.

## II. Opinions of the Arbitration Tribunal

(I) Facts about the case

On November 16, 2017, the applicant as Party B (the lender) and Respondent 1 as Party A (the borrower), the two parties signed the Loan Contract, which mainly agreed as follows:

1. The amount of the loan is not less than 30 million yuan (the actual amount of the loan is based on the amount stated in the voucher of the lender through the bank), the interest rate of the loan is 20% per annum, and the purpose of the loan is for current funds. The loan period expires 9 months from the date when all the matters stipulated in paragraph 3.2 of Article 3 of this contract are completed and Party B transfers the loan through the bank (the day the loan is issued) (calculated as 30 natural days per month, The same below); On the day the loan expires 1 month from the date of loan issuance, Party A shall pay Party B the first month of loan interest, and on the day of the expiration of 2 months from the date of loan issuance, Party A shall pay Party B the loan interest for two months, the date and amount of interest payment in the future, and so on;

2. Article 3 3.1.1 Party A shall deliver the designated collection account to Party B in writing through the "Entrusted Collection Letter" before Party B transfers the loan, and The date when Party B pays the loan to the account designated by Party A shall be regarded as the value date, and the certificate of Party B's Bank transfer of the loan shall be the effective evidence of loan issuance and repayment of principal and interest under this contract;



7

3.1.2 When Party B pays the loan to the account designated by Party A in the "Entrusted Collection Letter", it is deemed that Party B has fulfilled its obligations under this contract; 3.2 Party B can only issue the loan when all the following conditions are met (1) Party A has not occurred or did not have any breach of contract or breach of contract as stipulated in this contract; (2) This contract has been signed by both parties and entered into force;

3.  Article 8 Liability for breach of contract If Party A fails to repay the loan, pay the interest and other expenses payable as agreed in the contract, Party A shall pay Party B a penalty of 1 ‰ of the amount owed per day in addition to the amount paid by Party A. If Party B realizes the creditor's right by litigation due to Party A's breach of contract, Party A shall bear all relevant expenses paid by Party B for realizing the creditor's right, the expenses include but are not limited to urging fees, litigation fees, assessment fees, preservation fees, announcement fees, lawyer fees, execution fees, travel expenses, etc. All disputes arising from the performance of the contract shall be settled through friendly negotiation. If the negotiation fails, each party shall have the right to bring an arbitration to the Beijing Arbitration Commission.

On the same day, respondent 2, respondent 3 and respondent 4, as guarantors, issued two "Letter of Guarantee" to the applicant, the main contents of which are as follows:

1.  In order to ensure the realization of the rights of the applicant according to the loan contract, the guarantor voluntarily and unconditionally provides joint and several liability guarantee for the respondent 1; the scope of guarantee includes the loan principal, interest, penalty interest, liquidated damages, damages, expenses for realizing the creditor's rights and security rights under the loan contract, and other expenses payable by the respondent 1 according to the Loan Contract;

2.  The guarantee period is two years from the expiry date of the loan period under the Loan Contract;

8



3.  Due to disputes arising from the "Letter of Guarantee", the guarantor agrees to adopt the dispute resolution method stipulated in the "Loan Contract".

On the same day, Respondent 1 issued the Entrusted Collection Letter to the applicant, stating that: Due to business needs, Respondent 1 entrusted Shanghai Jiepei Industrial Co., Ltd. (hereinafter referred to as Jiepei Industrial) to collect 30 million yuan   of loans (the final amount is subject to the actual loan amount issued) to be issued by the applicant on behalf of the respondent 1, and ask the applicant to pay the loan amount under the loan contract to the Jiepei Industrial Account specified in the "Entrusted Collection Letter". After receiving the funds, the designated account will be deemed to have been received by the respondent 1, and at the same time, it will also be deemed that the applicant has fulfilled the lending obligations under the Loan Contract. If all the responsibilities or disputes caused by this shall be borne by the respondent 1.

On December 22, 2017, the applicant remitted 30 million yuan to the Jiepei Industrial Account specified in the "Entrusted Collection Letter", indicating that the purpose was borrowing.

On May 28, 2018, the Commission accepts the "Loan Contract" between the applicant and the respondent 1, Zhejiang Unifull Industrial Fibre Co., Ltd (hereinafter referred to as Zhejiang Unifull), the respondent 2, the respondent 3, and the respondent 4, three arbitration applications submitted for disputes arising from the "Performance Joint Liability Guarantee Letter", the case number is (2018) J.Z.A.Z.No. 1421.

On July 17, 2018, the applicant and Suzhou Zhengyue Investment Management Co., Ltd. (hereinafter referred to as Suzhou Zhengyue) signed the ``Agreement'' with the number of DB-ZTDC. Main agreement: the applicant agrees to transfer 15 million yuan of the principal under the Loan Contract to Suzhou Zhengyue at a transfer price of 15 million yuan. The payment time of the first transfer payment is 50% before September 30, 2018; After receiving the first



9

transfer payment, the applicant shall submit an application for revocation to the Commission within 5 working days to withdraw the application for arbitration against Zhejiang Unifull; Suzhou Zhengyue shall pay the applicant the second 50% of the creditor's rights assignment within 5 working days after receiving the applicant's agreement to dismiss the decision. When Suzhou Zhengyue pays all the transfer money in accordance with this agreement, Zhejiang Unifull will automatically be exempted from all guarantee liabilities for the Loan Contract, and the applicant will no longer request Zhejiang Unifull to perform the guarantee and other claims. In the trial, the applicant recognized that Suzhou Zhengyue had entrusted a third-party Shanghai Yaokuo Enterprise Management Center Limited Partnership to pay the transfer payment of 15 million yuan in accordance with the above agreement. The payment time is 7.5 million on September 29, 2018, and 7.5 million on November 28, 2018.

On November 20, 2018, in accordance with the application for withdrawal of the arbitration request submitted by the applicant, the Commission made (2018) J.Z.C.Z.No. 0787 ``Decision on Canceling (2018) J.Z.A.Z.No. 1421 Dispute Arbitration'', and decided revoke the case. On the same day, the applicant filed an application for arbitration in this case to the Commission.

It was also found that when the "Loan Contract" was signed, Respondent 3 held 95% of Respondent 2's equity. Respondent 1 recognized that Respondent 3 was still the actual controller of Respondent 1 in the trial.

The applicant signed the "Entrusted Agency Contract" with Beijing Zhong Yin Law Firm due to the dispute of the "Loan Contract", and agreed that the lawyer fee was 10,000 yuan

(II) About the validity of the contract in this case

Whether the "Loan Contract" signed by the applicant and the respondent 1 represents the true meaning of the respondent 1 is the main focus of dispute in this case. Respondent 1 believes that

10

the loan amount agreed in the Loan Contract has no upper limit. In the case that the Loan Contract has not been resolved by the authority of Respondent 1's company, the applicant still put the loan into a third-party company, Jiepei Industrial, which is not associated with the respondent 1, stating that the applicant was not a bona fide borrower in the process of borrowing. According to Article 50 of the contract law, the act of the legal representative acting beyond his authority shall not bind the company, so the loan contract cannot represent the true intention of the respondent 1.

The arbitration tribunal believes that the official seal of both parties and the signature of the legal representative are on the Loan Contract, the official seal and the signature of the legal representative can represent the company's intentions, and the respondent 1 did not raise any objection to the authenticity of its official seal and signature, nor did it submit any contrary evidence to refute it. Evidence 1 "Articles of Association of Shanghai Fukong Interactive Entertainment Co., Ltd." and evidence 2 "Stock Listing Rules of Shanghai Stock Exchange" submitted by respondent 1 are documents that are binding on respondent 1 itself, and they have not submitted evidence to prove that the applicant should accept the two documents, It also fails to cite the basis that laws and regulations have special provisions for the legal representative to sign the loan contract on behalf of the company. Therefore, the evidence submitted by respondent 1 can not effectively prove that the legal representative of respondent 1 signed the loan contract beyond his authority, let alone that the applicant knew or should have known about it. In the legal relationship of borrowing money, it is common phenomenon to agree on the upper or lower limit of the loan amount, to determine the loan amount based on the actual transfer in performance, and to agree that the third party will collect the money on its behalf, Respondent 1 claimed that the amount of the loan stipulated in the Loan Contract had no upper limit, and that the loan entered into a third-party company, Jiepei Industrial, which is not related to Respondent 1, and claimed that the applicant was not a bona fide counterpart, and the arbitration tribunal rejected it.

11



Respondent 2, Respondent 3 and Respondent 4 issued to the applicant the two "Guarantee Letters", with the official seals or signatures of the parties, Respondent 2, Respondent 3 and Respondent 4 had no objection to the authenticity of the "Letter of Guarantee".

Therefore, based on the existing evidence, the arbitration tribunal believes that the contract in this case is the true expression of the will of the parties, and the content does not violate the mandatory provisions of laws and administrative regulations, so it should be legal and effective.

(III) Objection to the jurisdiction of respondent 1

Respondent 1 filed a jurisdictional objection to the Commission, believing that as a listed company, it has strict restrictions on the management of public accounts. After internal review, no records about the use of the "Loan Contract" were found, and it could not be confirmed that the "Loan Contract" was the authenticity of the applicant's 1 official seal, therefore, under the circumstance that the authenticity of the official seal in the "Loan Contract" cannot be confirmed, the Commission has no jurisdiction over this case. The applicant thinks that the "Loan Contract" is stamped with the official seals of both parties, which represents the true intentions of both parties, and the arbitration clauses therein are clearly agreed, so this Commission has jurisdiction over this case. The other respondent did not comment on the jurisdiction.

In response, the arbitral tribunal noted that although the respondent 1 raised a challenge to its official seal in the Loan Contract, it did not submit a written application for the official seal to the arbitration tribunal, it also failed to submit to the arbitration tribunal that the official seal of the Loan Contract may be forged or there are other evidences sufficient to make the arbitral tribunal doubt whether the Loan Contract is its true meaning, and in the trial of this case, Respondent 1 also recognized the authenticity of the Loan Contract.



12

At the same time, the official seal management procedures mentioned by the respondent 1 are its internal management systems. In the case where Respondent 1 did not provide evidence to prove its existence because the system may affect its true intention or the validity of the Loan Contract and its arbitration clause, the arbitration tribunal rejected Respondent 1's reply, therefore, in the case where Respondent 1 did not provide evidence to prove that the arbitration agreement stipulated in the Arbitration Law is invalid or other circumstances sufficient to affect the jurisdiction of this Commission over this case, the arbitration tribunal rejected the jurisdictional objection raised by respondent 1, and this Commission has jurisdiction over this case.

（IV） On the applicant's claim for arbitration

1. Arbitration claim for repayment of loan principal by respondent 1

The applicant asked respondent 1 to repay the loan principal of 15 million yuan. Respondent 1 thought that he was not the real borrower and did not agree to bear the responsibility of repayment.

The arbitral tribunal held that the Loan Contract clearly stipulates that Respondent 1 shall appoint a collection account to the applicant through the Entrusted Collection Letter, and the applicant shall be deemed to have fulfilled the obligation of loan when the loan is paid to the account designated by respondent 1. The evidence submitted by the applicant in this case shows that it has transferred a loan of 30 million yuan to the Jiepei Industrial account designated by the Respondent 1 in the "Entrusted Collection Letter", so it can be determined that the applicant has fulfilled the loan obligation in accordance with the "loan contract", and should have the creditor's right to the respondent 1 in accordance with the law. In the case that Respondent 1 did not submit valid evidence to overturn the authenticity and legal validity of the Loan Contract, its claim that it is not a real borrower cannot be established, nor can it effectively counter the applicant's creditor's rights under the "Loan Contract". The loan period stipulated in the



13

"Loan Contract" has expired, and Respondent 1 as the borrower shall bear the responsibility for repayment. In this case, the applicant admitted that he had recovered the loan principal of 15 million yuan through the transfer of creditor's rights and asked respondent 1 to repay the remaining principal of 15 million yuan. The applicant's admission did not increase the repayment responsibility of respondent 1. The arbitration tribunal has no objection to this, and supports this arbitration request of the applicant.

2. Arbitration request regarding the payment of loan interest by respondent 1

The arbitration tribunal held that, as mentioned above, respondent 1 should be liable to the applicant for repayment, including the principal and interest of the loan. In the trial, respondent 1 claimed that the applicant had the act of "beheading interest", but the content of evidence 8 and 9 submitted by the respondent for this purpose could not show the relevance with the case, so the applicant refused to accept it, and respondent 1 did not submit other evidence to support it, so the arbitration tribunal rejected it. The "Loan Contract" stipulates that the interest rate standard during the loan period is 20% per annum, and it is agreed that overdue repayments shall be paid at the standard of 1‰ per day for liquidated damages. The applicant claimed in this case that the interest rate standard for the loan period and after the overdue period is 20%, which is not higher than the contract, and the arbitration tribunal supports it. Because the applicant admitted in the court hearing that the principal of the 15 million yuan loan under the contract of the case was recovered through the transfer of creditor's rights, namely the 7.5 million yuan was recovered on September 29, 2018, and the 7.5 million yuan was recovered on November 28, 2018. Therefore, the interest to be repaid by the respondent 1 should be calculated in sections. Although the applicant claimed that the second payment was due on November 28, 2018, he claimed that the interest should be calculated according to the principal of RMB 15 million from November 21, 2018, and the claim



14

did not increase the repayment liability of the respondent 1, which was recognized by the arbitration tribunal. Therefore, as of November 20, 2018, the interest payable by the respondent 1 is 5.3458 million yuan, and the specific calculation method is as follows:

| Interest-bearing principal | Value date | Stop date | Days | Interest Rate | Interest |
|---|---|---|---|---|---|
| 30 million yuan | 2017/12/22 | 2018/9/28 | 281 | 20% | 4.6833 million yuan |
| 22.5 million yuan | 2018/9/29 | 2018/11/20 | 53 | 20% | 0.6625 million yuan |
| Total | | | | | 5.3458 million yuan |

Since the applicant only claimed RMB 5.3167 million yuan (4.6667 + 0.65 million yuan), which did not exceed the aforementioned amount, the arbitration tribunal recognized it. At the same time, respondent 1 shall also repay to the applicant the loan interest calculated at the annual interest rate of 20% based on RMB 15 million yuan from November 21, 2018 to the date of actual repayment.

3. Arbitration claim regarding the payment of attorney fees by respondent 1

The applicant submitted to the arbitration tribunal the "Entrusted Agency Contract" and attorney fee invoices to prove that he was the lawyer entrusted in the case, and the attorney fee was 10,000 yuan. The arbitration tribunal held that, considering the specific circumstances of the case, the attorney's fee should be borne by the respondent 1. According to Article 51(4) of the Arbitration Rules, the arbitration tribunal supports this arbitration request

4. On the assumption of arbitration fees in this case

In light of the specific circumstances of this case, and in accordance with Article 51 of the arbitration rules of the Commission, the arbitration tribunal believes that the arbitration fee in this case should be fully borne by the respondent 1.

5.The arbitration request concerning the joint liability of the respondent 2, the respondent 3, and the respondent 4

15

The arbitration tribunal held that the two "Letters of Guarantee" issued by Respondent 2, Respondent 3 and Respondent 4 to the applicant clearly stipulated that: Respondent 2, Respondent 3 and Respondent 4 shall act as guarantors, provide the applicant with a joint liability guarantee for the Respondent 1's repayment obligations under the "Loan Contract". According to Article 18 of the "Guarantee Law of the People's Republic of China", "If the parties agree in the guarantee contract that the guarantor and the debtor shall bear joint liability for the debt, it is a joint liability guarantee. If the debtor under the joint liability guarantee fails to perform the debt at the expiration of the debt performance period stipulated in the main contract, the creditor may require the debtor to perform the debt, or the guarantor may be required to assume the guarantee responsibility within the scope of its guarantee." In this case, Respondent 1 failed to repay the applicant as agreed upon the expiration of the loan period stipulated in the "Loan Contract", and the applicant requested the respondent 2, the respondent 3, and the respondent 4 to bear the guarantee responsibility that did not exceed the guarantee scope stipulated in the "Letter of Guarantee", so the arbitration tribunal supported it.

## III. Award

The arbitration tribunal based on the facts ascertained, as well as the contractual agreement of this case and relevant laws and regulations, after collegial discussion, the award is made as follows:

(I Respondent 1 repays the principal of the loan of RMB 15 million yuan to the applicant;

(II) Respondent 1 pays the applicant the loan interest of RMB 5.3167 million yuan as of November 20, 2018.



(III) Respondent 1 shall pay the applicant a loan interest calculated at an annual interest rate of 20% based on RMB 15 million yuan from November 21, 2018 to the date of actual repayment;

(IV) Respondent 1 shall pay to the applicant 10,000 yuan of attorney fees paid for the case;

(V) The arbitration fee in this case is 149183.50 yuan (which has been paid in advance by the applicant), all of which is borne by the respondent 1, and the respondent 1 directly pays the applicant 149183.50 yuan of the arbitration fee advanced by the applicant on its behalf.

(VI) Respondent 2, Respondent 3, and Respondent 4 shall be jointly and severally liable for the settlement of the arbitration claims in items (1) to (5) above.

For the amounts that the respondent should pay to the applicant for each of the above-mentioned decisions, the respondent shall complete the payment within ten days from the date of service of this award. If the payment is overdue, the interest on the debt during the delayed performance period shall be doubled in accordance with the provisions of Article 253 of the Civil Procedure Law of the People's Republic of China,.

(There is no text below this page, continue on the next page)



This award is final and shall come into force from the date it is made.

Sealed by Beijing Arbitration Commission

Presiding arbitrator (Signature): Cheng Huiping

Arbitrator (Signature): Ding Ding

Arbitrator (Signature): Zhu Weiyi

Beijing, March 24, 2020



18

**BAC QR Code**

16/F China Merchants Tower, No. 118 Jian Guo Road, Chaoyang District, Beijing 100022, China
Tel: (010) 6566 9856          Fax: (010) 6566 8078          E-mail: bjac@bjac.org.cn
Website: www.bjac.org.cn          Postal Code: 100022



# NOTARIAL CERTIFICATE

(Translation)

（2021）  J.F.Y.W.J.Z.Zi,  No.01021

Applicant: China Railway Dacheng (Zhuhai) Investment Management Co., Ltd., Address: (Centralized Office Area) Room 105-27185 No. 6 Baohua Road, Hengqin New Area, Zhuhai.

Legal Representative: Cen Jing, female, born on Jun. 5, 1982, I.D. Card No. 110101198206053524.

Attorney: Ju Haibo, male, born on Oct. 10, 1988, I.D. Card No. 140427198810102412.

Item of Notarization: Conformity of Photocopy and Original

This is to certify that the photocopy attached hereto is in conformity with the original of Arbitral Award that Ju Haibo, attorney of applicant China Railway Dacheng (Zhuhai) Investment Management Co., Ltd. showed to me.

Notary: Wang Liya

Beijing Fangyuan Notary Public Office

The People's Republic of China

March 11, 2021

L 1 05007370

# 公　证　书

（2021）京方圆外经证字第 01022 号

申请人：中铁大成（珠海）投资管理有限公司，住所珠海市横琴新区宝华路 6 号 105 室-27185（集中办公区）。

法定代表人：岑菁，女，1982 年 6 月 5 日出生，公民身份号码 110101198206053524。

委托代理人：琚海波，男，1988 年 10 月 10 日出生，公民身份号码 140427198810102412。

公证事项：译本与原本相符

兹证明前面的英文译本与（2021）京方圆外经证字第 01021 号公证书中文原本内容相符。

中华人民共和国北京市方圆公证处

公证员　



二〇二一年十二月十一日

LI05007373

## NOTARIAL CERTIFICATE

(Translation)

(2021) J.F.Y.W.J.Z.Zi, No. 01022

Applicant: China Railway Dacheng (Zhuhai) Investment Management Co., Ltd., Address: (Centralized Office Area) Room 105-27185 No. 6 Baohua Road, Hengqin New Area, Zhuhai.

Legal Representative: Cen Jing, female, born on Jun. 5, 1982, I.D. Card No. 110101198206053524.

Attorney: Ju Haibo, male, born on Oct. 10, 1988, I.D. Card No. 140427198810102412.

Item of Notarization: Conformity of Translation and Original

This is to certify that the English translation enclosed is identical with the Chinese original of the Notarial Certificate (2021) J.F.Y.W.J.Z.Zi, No. 01021.

Notary: Wang Liya

Beijing Fangyuan Notary Public Office

The People's Republic of China

March 11, 2021

L I 05007372