# EXHIBIT D

# 2017 China Law LEXIS 1299

**Reporter**
2017 China Law LEXIS 1299 *

**Title:** Arbitration Law of the People's Republic of China (Revised in 2017)

**Document Number:** 3195217

**Article Number:** Order of the President of the People's Republic of China No.76

**Topic:** Civil Procedure Law

**Effective:** Effective

**Promulgator:** Standing Committee of the National People's Congress

**Promulgation Date:** 09-01-2017

**Effective Date:** 01-01-2018

**Effect Area:**  [*1]  NATIONAL

**Source:** China Online

**Update:** replacement

Arbitration Law of the People's Republic of China (Revised in 2017)

 Order of the President of the People's Republic of China No.76

 September 1, 2017

 (Adopted at the 9th Session of the Standing Committee of the 8th National People's Congress on August 31, 1994; amended for the first time in accordance with the Decision of the Standing Committee of the National People's Congress on Amending Certain Laws at the Tenth Session of the Standing Committee of the 11th National People's Congress on August 27, 2009; and amended for the second time in accordance with the Decision of the Standing Committee of the National People's Congress on Amending Eight Laws Including the Judges Law of the People's Republic of China at the 29th Session of the Standing Committee of the 12th National People's Congress on September 1, 2017)

 Contents

Chapter I General Provisions

Chapter II Arbitration Commission and Arbitration Association

Chapter III Arbitration Agreement

Chapter IV Arbitration Procedure
Section 1 Application and Acceptance
Section 2 Composition of the Arbitral Tribunal
Section 3 Hearing and Arbitral Awards

Chapter V Application for Cancellation [*2] of an Award
Chapter VI Enforcement

Chapter VII Special Provisions on Foreign-Related Arbitration
Chapter VIII Supplementary Provisions

Chapter I General Provisions

Article 1 This Law is formulated in order to ensure fair and timely arbitration of economic disputes, protect the legitimate rights and interests of the relevant parties and guarantee the sound development of the socialist market economy.

Article 2 Contractual disputes and other disputes arising from property rights and interests between citizens, legal persons and other organizations of equal status in law may be submitted for arbitration.

Article 3 The following disputes shall not be submitted for arbitration:
1. disputes over marriage, adoption, guardianship, child maintenance and inheritance; and

2. administrative disputes falling within the jurisdiction of the relevant administrative organs according to law.

Article 4 The parties settling disputes by means of arbitration shall reach an arbitration agreement on a mutually voluntary basis. An arbitration commission shall not accept an application for arbitration submitted by one of the parties in the absence of an arbitration agreement.

Article [*3] 5 A people's court shall not accept an action initiated by one of the parties if the parties have concluded an arbitration agreement, unless the arbitration agreement is invalid.

Article 6 An arbitration commission shall be selected by the parties by agreement.

The level jurisdiction system and the territorial jurisdiction system shall not apply to arbitration.

Article 7 Disputes shall be fairly and reasonably settled by arbitration on the basis of facts and in accordance with the relevant provisions of law.

Article 8 Arbitration shall be conducted in accordance with the law, independent of any intervention by administrative organs, social organizations or individuals.

Article 9 The system of final and binding arbitral award shall apply to arbitration. After an arbitral award is rendered, where the parties apply for arbitration or initiate an action to the people's court in respect of the same dispute, an arbitration commission or a people's court accept the action.

If the arbitration award is canceled or is not enforced as rendered by a people's court in accordance with the law, the parties may, in accordance with a new arbitration agreement between them in respect [*4] of the dispute, apply for arbitration or initiate legal proceedings with the people's court.

Chapter II Arbitration Commission and Arbitration Association

Article 10 Arbitration commissions may be established in municipalities directly under the Central Government, and cities where the people's governments of provinces and autonomous regions are located or in other cities divided into districts according to needs. Arbitration commissions shall not be established at each level of the administrative divisions.

The people's governments of the municipalities and cities specified in the above paragraph shall organize the relevant departments and the Chamber of Commerce for the formation of an arbitration commission.

The establishment of an arbitration commission shall be registered with the judicial administrative department of the relevant provinces, autonomous regions or municipalities directly under the Central Government.

Article 11 An arbitration commission shall meet the following requirements:
1. it shall have its own name, domicile and Articles of association;
2. it shall possess the necessary property;
3. it shall have its own members; and

4. it shall have appointed [*5] arbitrators.

The Articles of association of an arbitration commission shall be formulated in accordance with this Law.

Article 12 An arbitration commission shall comprise a chairman, two to four vice-chairmen and seven to eleven members.

The chairman, vice-chairmen and members of an arbitration commission must be persons specialized in law, economic and trade and persons who have practical work experience. The number of specialists in law, economic and trade shall not be less than two-thirds of the members of an arbitration commission.

Article 13 An arbitration commission shall appoint fair and honest person as its arbitrators.
Arbitrators shall meet one of the following requirements:

1. they have passed the national unified legal professional qualification exam and obtained the legal professional qualification, and have engaged in arbitration work for eight years;
2. they have worked as a lawyer for eight full years;
3. they have worked as judges for eight years;
4. they are engaged in legal research or legal teaching with a senior academic title; or

5. they have legal knowledge and are engaged in professional work relating to economics and trade with a senior academic [*6] title or at the equivalent professional level.

The arbitration commission shall prepare a register of arbitrators according to different specialties.

Article 14 Arbitration commissions shall be independent of administrative organs and there are no subordinate relations with any administrative organs. There should not be any relations between different arbitration commissions.

Article 15 The China Arbitration Association is a social organization with the status of a legal person. Arbitration commissions are members of the China Arbitration Association. The Articles of association of the China Arbitration Association shall be formulated by the national general meeting of the members.

The China Arbitration Association is an organization in charge of self-regulation of arbitration commissions. It shall conduct supervision over the breach of discipline of the arbitration commissions and their members and arbitrators in accordance with its Articles of association.

The China Arbitration Association shall formulate Arbitration Rules in accordance with this Law and the Civil Procedure Law.

Chapter III Arbitration Agreement

Article 16 An arbitration agreement shall include the [*7] arbitration clauses stipulated in a contract and any other written agreement for arbitration concluded before or after a dispute occurs.

The following contents shall be included in an arbitration agreement:

1. the expression of the parties' wish to submit for arbitration;
2. the matters to be arbitrated; and

3. the Arbitration Commission selected by the parties.

Article 17 An arbitration agreement shall be invalid under any of the following circumstances:

1. matters agreed upon for arbitration are beyond the scope of arbitration prescribed by law;

2. an arbitration agreement concluded by persons without or with limited capacity for civil acts; and

3. one party forces the other party to sign an arbitration agreement by means of duress.

Article 18 If the arbitration matters or the arbitration commission are not agreed upon by the parties in the arbitration agreement, or if the relevant provisions are not clear, the parties may supplement the agreement. If the parties fail to agree upon the supplementary agreement, the arbitration agreement shall be invalid.

Article 19 An arbitration agreement shall exist independently. Any changes to, rescission, termination or invalidity [*8] of the contract shall not affect the validity of the arbitration agreement.
An arbitral tribunal has the right to rule on the validity of a contract.

Article 20 If the parties object to the validity of the arbitration agreement, they may apply to the arbitration commission for a decision or to a people's court for a ruling. If one of the parties requests for a decision from the arbitration commission, but the other party applies to a people's court for a ruling, the people's court shall give the ruling.

If the parties object to the validity of the arbitration agreement, the objection shall be made before the start of the first hearing of the arbitration tribunal.

Chapter IV Arbitration Procedure

Section 1 Application and Acceptance

Article 21 Parties applying for arbitration shall meet the following conditions:

1. There is an arbitration agreement;

2. There is a specific arbitration request and facts and grounds; and

3. The claim is under the jurisdiction of the arbitration commission.

Article 22 A party applying for arbitration shall submit to an arbitration commission the arbitration agreement, an application for arbitration and copies thereof.

Article 23 [*9] The following particulars shall be specified in an application for arbitration:
1. the name, sex, age, occupation, work unit and address of the party, the name, domicile and legal representative of the legal person or other organization and the name and position of its person-in charge;

2. the arbitration request and facts and grounds on which the claim is based; and
3. evidence and the source thereof, the name and address of the witness(es).

Article 24 The arbitration commission shall, within 5 days from the date of the receipt of an application for arbitration, notify the parties that it considers the conditions for acceptance have been fulfilled, and that the application is accepted by it. If the arbitration commission considers that the conditions have not been fulfilled, it shall notify the parties of acceptance in writing and state its reasons.

Article 25 Upon acceptance of an application for arbitration, the arbitration commission shall, within the time limit specified by the Arbitration Rules, serve a copy of the Arbitration Rules and the list of arbitrators on the claimant, and serve a copy of the arbitration application, the Arbitration Rules and the list of arbitrators [*10] on the respondent.

Upon receipt of a copy of the arbitration application, the respondent shall, within the time limit prescribed by the Arbitration Rules, submit its defense to the arbitration commission. Upon receipt of the defense, the arbitration commission shall, within the time limit prescribed by the Arbitration Rules, serve a copy of the reply on the claimant. The failure of the respondent to submit a defense shall not affect the proceeding of the arbitration procedures.

Article 26 Where the parties have reached an arbitration agreement, but one of the parties initiates an action in a people's court without stating the existence of the arbitration agreement, the people's court shall reject the action if the other party submits to the court the arbitration agreement before the first hearing of the case unless the arbitration agreement is invalid., If the other party fails to object to the hearing by the people's court before the first hearing, the arbitration agreement shall be considered to have been waived by the party and the people's court shall proceed with the hearing.

Article 27 A claimant may abandon or alter his arbitration claim. The respondent may accept the [*11] arbitration claim or object to it and has the right to lodge a counterclaim.

Article 28 A party may apply for property preservation if, as the result of an act of the other party or for some other reasons, it appears that an award may be impossible or difficult to enforce.

If one of the parties applies for property preservation, the arbitration commission shall submit to a people's court the application of the party in accordance with the relevant provisions of the Civil Procedure Law.

If a property preservation order is unfounded, the applicant shall compensate the party against whom the order was made for any losses sustained as a result of the implementation of the property preservation order.

Article 29 The parties and their legal representatives may appoint lawyers or engage agents to handle matters relating to the arbitration. In the event that a lawyer or an agent is appointed to handle the arbitration matters, a letter of authorization shall be submitted to the arbitration commission.

Section 2 Composition of the Arbitral Tribunal

Article 30 An arbitral tribunal may comprise three arbitrators or one arbitrator. If an arbitration tribunal comprises three arbitrators,  [*12]  a presiding arbitrator shall be appointed.

Article 31 If the parties agree to form an arbitral tribunal comprising three arbitrators, each party shall select or authorize the chairman of the arbitration commission to appoint one arbitrator. The third arbitrator shall be selected jointly by the parties or be nominated by the chairman of the arbitration commission in accordance with a joint mandate given by the parties. The third arbitrator shall be the presiding arbitrator.

If the parties agree to have one arbitrator to form an arbitration tribunal, the arbitrator shall be selected jointly by the parties or be nominated by the chairman of the arbitration commission in accordance with a joint mandate given by the parties.

Article 32 If the parties fail, within the time limit prescribed by the Arbitration Rules, to select the form of the arbitration tribunal or fail to select arbitrators, the arbitrators shall be appointed by the chairman of the arbitration commission.

Article 33 After the arbitral tribunal is constituted, the arbitration commission shall notify the parties in writing of the composition of the arbitral tribunal.

Article 34 In any of the following circumstances,  [*13]  an arbitrator must withdraw from the arbitration, and the parties shall have the right to apply for his withdrawal if he:

1. is a party or a close relative of a party or of a party's representative;

2. is related in the case;

3. has some other relationship with a party to the case or with a party's agent which might affect the impartiality of the arbitration;

4. meets a party or his agent in private, accepts an invitation for dinner by a party or his representative or accepts gifts presented by any of them.

Article 35 A party applying for the withdrawal of an arbitrator shall state his reasons and submit the application prior to the first hearing. An application for withdrawal may also be submitted before the conclusion of the last hearing if reasons for the withdrawal only became known after the commencement of the first hearing.

Article 36 Whether an arbitrator is to be withdrawn or not shall be determined by the chairman of the arbitration commission. If the chairman is serving as an arbitrator, the withdrawal shall be determined collectively by the arbitration commission.

Article 37 If an arbitrator is unable to perform his duties due to withdrawal or any other reason,  [*14]  another arbitrator shall be selected or appointed in accordance with the provisions of this Law.

After the selection or appointment of a new arbitrator due to the withdrawal of an arbitrator, the parties may apply for the resumption of the arbitration procedure. The arbitral tribunal shall determine whether the resumption of the procedure may be allowed. The arbitral tribunal may determine on its own whether the arbitration procedure shall be resumed.

Article 38 An arbitrator who is involved in one of the circumstances prescribed in Item 4, Article 34 and whose violations are serious, or an arbitrator who is involved in those prescribed in Item 6, Article 58 shall bear legal liabilities in accordance with the law and the arbitration commission shall remove his name from the list of arbitrators.

Section 3 Hearing and Arbitral Awards

Article 39 An arbitral tribunal shall hold a tribunal session to hear an arbitration case. If the parties agree not to hold a hearing, the arbitration tribunal may render an award in accordance with the arbitration application, the defense statement and other documents.

Article 40 An arbitration shall not be conducted in public. If the parties [*15] agree to a public hearing, the arbitration may proceed in public, except those concerning state secrets.

Article 41 The arbitration commission shall notify the two parties within the time limit provided by the Arbitration Rules of the date of the hearing. Either party may request to postpone the hearing within the time limit provided by the Arbitration Rules if there is a genuine reason. The arbitral tribunal shall decide whether to postpone the hearing.

Article 42 If an applicant for arbitration who has been given a notice in
 writing fails to appear before the tribunal without good reasons, or leaves the tribunal room during a hearing without the permission of the arbitral tribunal, the applicant shall be deemed as having withdrawn his application.
 If the respondent was served with a notice in writing but does not appear before the tribunal without due reasons or leaves the tribunal room during a hearing without the permission of the arbitral tribunal, an award by default may be given.

Article 43 The parties shall produce evidence in support of their claims.

An arbitration tribunal may collect on its own evidence it considers necessary.

Article 44 For specialized matters, [*16] an arbitral tribunal may submit them to an appraisal organ agreed upon by the parties or to the appraisal organ appointed by the arbitration tribunal if it deems such appraisal to be necessary.
 According to the claim of the parties or the request of the arbitral tribunal, the appraisal organ shall appoint an appraiser to participate in the hearing. Upon the permission of the arbitral tribunal, the parties may question the appraiser.

Article 45 Any evidence shall be produced at the start of the hearing. The parties may challenge the validity of such evidence.

Article 46 In the event that the evidence might be destroyed or that it would be difficult to obtain the evidence later on, the parties may apply for the evidence to be preserved. If the parties apply for such preservation, the arbitration commission shall submit the application to the basic people's court in the place where the evidence is located.

Article 47 The parties have the right to argue during arbitration procedures. At the end of the debate, the presiding arbitrator or the sole arbitrator shall ask for the final opinion of the parties.

Article 48 An arbitration tribunal shall make a written record of the [*17] hearing. If the parties or other participants to the arbitration consider that the record has omitted a part of their statement or is incorrect in some other respect, they shall have the right to request correction thereof. If no correction is made, the request for correction shall be noted in the written record.

The arbitrators, recorder, parties and other participants to an arbitration shall sign or affix their seals to the record.

Article 49 After the submission of an application for arbitration, the parties may settle the dispute among themselves through conciliation. If a conciliation agreement has been reached, the parties may apply to the arbitration tribunal for an award based on the conciliation agreement. They may also withdraw the application for arbitration.

Article 50 If the parties fall back on their words after the conclusion of a conciliation agreement and the withdrawal of the arbitration application, application may be made for arbitration in accordance with the arbitration agreement.

Article 51 Before giving an award, an arbitral tribunal may first attempt to conciliate. If the parties apply for conciliation voluntarily, the arbitral tribunal shall conciliate. [*18] If conciliation is unsuccessful, an award shall be made promptly.
When a settlement agreement is reached by conciliation, the arbitral tribunal shall prepare the conciliation statement or the award on the basis of the results of the settlement agreement. A conciliation statement shall have the same legal force as that of an award.

Article 52 A conciliation statement shall set forth the arbitration claims and the results of the agreement between the parties. The conciliation statement shall be signed by the arbitrators, sealed by the arbitration commission, and served on both parties.
A conciliation statement shall have legal effect once signed and accepted by the parties.
If the parties fall back on their words before the conciliation statement is singed and accepted by them, an award shall be made by the arbitral tribunal promptly.

Article 53 An award shall be based on the opinion of the majority of arbitrators. The opinion of the minority arbitrators shall be recorded in writing. If an opinion of the minority arbitrators shall be recorded in writing. If the tribunal fails to form a majority opinion, the award shall be given in accordance with the opinion of the presiding [*19] arbitrator.

Article 54 The arbitration claims, the matters in dispute, the grounds upon which an award is given, the results of the judgment, the responsibility for the arbitration fees and the date of the award shall be set forth in the award. If the parties agree not to include in the award the matters in dispute and the grounds on which the award is based, such matters may not be stated in the award. The award shall be signed by the arbitrators and sealed by the arbitration commission. The arbitrator who disagrees with the award may select to sign or not to sign it.

Article 55 During the course of arbitration by an arbitration tribunal, where a part of facts has been made clear, a partial award may first be given in relation to that part.

Article 56 The parties may, within 30 days of the receipt of the award, request the arbitration tribunal to correct any typographical errors, calculation errors or matters which had been awarded but omitted in the award.

Article 57 An award shall be legally effective on the date it is given.

Chapter V Application for Cancellation of an Award

Article 58 The parties may apply to the intermediate people's court at the place where [*20] the arbitration commission is located for cancellation of an award if they provide evidence proving that the award involves one of the following circumstances:

1. there is no arbitration agreement between the parties;

2. the matters of the award are beyond the extent of the arbitration agreement or not under the jurisdiction of the arbitration commission;

3. the composition of the arbitral tribunal or the arbitration procedure is in contrary to the legal procedure;
4. the evidence on which the award is based is falsified;
5. the other party has concealed evidence which is sufficient to affect the impartiality of the award; or

6. the arbitrator(s) has (have) demanded or accepted bribes, committed graft or perverted the law in making the arbitral award.
The peoples' court shall rule to cancel the award if the existence of one of the circumstances prescribed in the preceding clause is confirmed by its collegiate bench.
The people's court shall rule to cancel the award if it holds that the award is contrary to the social and public interests.
(Relevant articles: Legislation 1)

Article 59 If a party applies for cancellation of an award, an application shall be submitted within [*21] 6 months after receipt of the award.

Article 60 The people's court shall, within 2 months after the receipt of the application for cancellation of an award, render its decision for cancellation of the award or for rejection of the application.

Article 61 If the people's court holds that the case may be re-arbitrated by the arbitral tribunal after the receipt of the application for cancellation of an award, the court shall inform the arbitral tribunal of re-arbitrating the case within a certain period of time and rule to suspend the cancellation procedure. If the arbitration tribunal refuses to re-arbitrate, the people's court shall rule to resume the cancellation procedure.

Chapter VI Enforcement

Article 62 The parties shall execute an arbitration award. If one party fails to execute the award, the other party may apply to a people's court for enforcement in accordance with the relevant provisions of the Civil Procedure Law, and the court shall enforce the award.
(Relevant articles: Articles 1)

Article 63 A people's court shall, after examination and verification by its collegiate bench, rule not to enforce an award if the respondent in enforcement procedure provides [*22] evidence proving that the award involves one of the circumstances prescribed in Paragraph 2, Article 217 of the Civil Procedure Law.

Article 64 If one party applies for enforcement of an award while the other party applies for cancellation of the award, the people's court receiving such application shall rule to suspend enforcement of the award.
If a people's court rules to cancel an award, it shall rule to terminate enforcement. If the people's court overrules the application for cancellation of an award, it shall rule to resume enforcement.

Chapter VII Special Provisions on Foreign-Related Arbitration

Article 65 The provisions of this Chapter shall apply to all arbitration of disputes arising from foreign economic, trade, transportation or maritime matters. In the absence of provisions in this Chapter, other relevant provisions of this Law shall apply.

Article 66 A foreign-related arbitration commission may be organized and established by the China International Chamber of Commerce.

A foreign arbitration commission shall comprise one chairman, several vice-chairmen and several committee members.

The chairman, vice-chairmen and committee members may be appointed by [*23] the China International Chamber of Commerce.

Article 67 A foreign arbitration commission may appoint foreigners with professional knowledge in law, economy and trade, science and technology and other fields as arbitrators.

Article 68 In the event that the parties to a foreign-related arbitration apply for evidence preservation, the foreign arbitration commission shall submit their applications to the intermediate people's court in the place where the evidence is located.

Article 69 The arbitration tribunal of a foreign arbitration commission may record the details of the hearing in writing or record the essentials of the hearing in writing. The written record of the essentials shall be signed or sealed by the parties and other participants in the arbitration.

Article 70 A people's court shall, after examination and verification by its collegiate bench, rule to cancel an award if a party to the case provides evidence proving that the arbitration award involves one of the circumstances prescribed in Paragraph 1, Article 260 of the Civil Procedure Law.

Article 71 A people's court shall, after examination and verification by its collegiate bench, rule not to enforce an [*24] award-if the respondent provides evidence proving that the arbitral award involves one of the circumstances prescribed in Paragraph 1, Article 260 of the Civil Procedure Law.
(Relevant articles: Articles 1)

Article 72 Where the party subject to enforcement or its property is not within the territory of the People's Republic of China, a party applying for the enforcement of a legally effective arbitration award shall apply directly to the foreign court having jurisdiction for recognition and enforcement of the award.

Article 73 Foreign-related arbitration rules may be formulated by the China International Chamber of Commerce in accordance with this Law and the relevant provisions of the Civil Procedure Law.

Chapter VIII Supplementary Provisions

Article 74 If the law has stipulated a time limit for arbitration, such provisions of the law shall apply. If the law has not stipulated a time limit for arbitration, the provisions on the limitation of actions shall apply.

Article 75 The arbitration Commission may formulate provisional arbitration rules in accordance with this Law and the relevant provisions of the Civil Procedure Law before the formulation of the arbitration [*25] rules by the China Arbitration Association.

Article 76 The parties shall pay arbitration fees in accordance with the relevant provisions.

The methods for the collection of arbitration fees shall be submitted to the commodity prices administration for approval.

Article 77 Arbitration of labor disputes and disputes over contracts for undertaking agricultural projects within agricultural collective economic organizations shall be separately stipulated.

Article 78 In the event of conflict between the provisions on arbitration formulated before the coming into effect of this Law and the provisions of this Law, the provisions of this Law shall prevail.

Article 79 Arbitration organs established before the coming into effect of this Law in the municipalities directly under the Central Government, in the municipalities where the people's governments of the provinces or autonomous regions and in other cities divided into districts must be re-organized in accordance with the relevant provisions of this Law. The arbitration organs which are not re-organized shall be terminated at the expiration of one year after the date of implementation of this Law.

All other arbitration organs [*26] established before the implementation of this Law and not conforming to the provisions of this Law shall be terminated on the date of implementation of this Law.

Article 80 This Law shall come into effect as of September 1, 1995.

**Load Date:** May 11, 2018

LexisNexis China Law Database
©2018 LexisNexis China, a division of Reed Elsevier Information Technology (Beijing) Co., Ltd. All Rights Reserved

**End of Document**