Conal Doyle, Esq. SBN 22755
conal@conaldoylelaw.com
Stephen Beke, Esq. (SBN: 290972)
sbeke@conaldoylelaw.com
DOYLE LAW, APC
280 S Beverly Drive, Penthouse
Beverly Hills, CA 90212
T: (310) 385-0567

Rongping Wu, Esq. (*Pro Hac Vice*)
lwu@dgwllp.com
DGW KRAMER LLP
One Rockefeller Plaza
10th Floor, Ste. 1060
New York, NY 10020
T: (917) 633-6860

Attorneys for Petitioner
ZHONGTIE DACHENG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHONGTIE DACHENG (ZHUHAI) INVESTMENT MANAGEMENT CO., LTD., a China Company<br><br>　　　　　Petitioner,<br>　　vs.<br>YAN, JINGGANG, an individual,<br>　　　　　Respondent. | Case No.: 8:22-cv-461-SSS-ADSx<br><br>RESPONSE OF PETITIONER'S COUNSEL TO ORDER TO SHOW CAUSE; DECLARATION OF STEPHEN BEKE |

## **RESPONSE TO ORDER TO SHOW CAUSE**

This Court having issued an Order to Show Cause, dated July 29, 2022 (DE 21) (the "OTSC"), undersigned counsel for the Petitioner, Zhongtie Dacheng (Zhuhai) Investment Management Co., Ltd. ("Zhongtie" or "Petitioner"), Stephen Beke, Dan Tan, and Rongping Wu (together "Petitioner's Counsel"), hereby provide good cause for failing to file a "Joint

- 1 -

Case Management Statement," as same ordered by this Court on June 25, 2022 (DE 18), by July 11, 2022 (the "Response"):

## RELEVANT BACKGROUND

The underlying petition was filed on March 28, 2022 (the "Petition").  (*See* DE 1 – 6) (See Declaration of Stephen Beke ¶ 2).   A summons issued on March 30, 2022.  (*See* DE 10) (Beke Dec. ¶ 3).  A New Case Order was issued by the Court on April 4, 2022.  (*See* DE 12) Beke Dec. ¶ 4).  The matter was reassigned to Judge Sykes on June 21, 2022.  (*See* DE 17) Beke Dec. ¶ 5).  A Judicial Officer Reassignment Order was issued on June 25, 2022 (the "Reassignment Order").  (*See* DE 18) (Beke Dec. ¶ 6).  On July 1, 2022, Petitioner filed an *ex parte* application for an order extending time to serve Respondent by 90 days (the "Application").  (*See* DE 19) (Beke Dev. ¶7).  On July 5, 2022, the Court granted the Application, and issued the Order Extending Time to Serve by 90 days (the "Extension"). (*See* DE 20) (Beke Dec. ¶ 8).  On July 29, 2022, the Court issued the OTSC for failure to comply with the Reassignment Order.  (*See* DE 21) (Beke Dec. ¶ 9). The Reassignment Order directed all parties to draft and submit a "**Joint** Case Management Statement" (the "Statement") within fifteen (15) days from June 25, 2022, and included the caveat of "**[s]eparate statements are only appropriate** if any party is proceeding **without** counsel." (*See* DE 18, pg. 2) (emphasis added) (Beke Dec. ¶ 10).

After the Extension was granted, Petitioner initiated service upon the Respondent in the People's Republic of China (the "PRC") under the Hague Service Convention, and is awaiting confirmation of service from the relevant Central Authority. (Beke Dec. ¶ 11). Petitioner filed the Application six (6) days **after** the Court issued the Reassignment Order. (*See* DE 18 and 19) (Beke Dec. ¶ 12).  In the Application, Petitioner affirmatively represented

that Respondent had not yet been served with the commencement papers for this matter, despite Petitioner's extensive and diligent efforts at effectuating service upon the Respondent here within the state of California.  (*See* DE 19) (Beke Dec. ¶ 13).  The Application made clear that the Respondent was unaware of the Petition.  The Court issued the Extension ten (10) days after the issuance of the Reassignment Order.  (*See* DE 20) (Beke Dec. ¶ 14).

Petitioner's Counsel made an honest mistake in judgment and did not prepare the Statement because Respondent, the only other party to this matter, had not yet been served with process, and the Court had recently issued the Extension, which extended the period within which to serve the Respondent (Beke Dec. ¶ 15).  Petitioner's Counsel was under the impression that there was no need to file a Joint Case Management Statement given the Court's Extension to allow Petitioner additional time to attempt to serve the Respondent.  The language from the Reassignment Order quoted above was misinterpreted by Petitioner's Counsel, and led to Petitioner's Counsel making an incorrect judgment that it was not possible to file a "Joint" Statement at this time and in this posture (Beke Dec. ¶ 16).  A unilateral Case Management Statement acknowledging this error (the "Unilateral Statement") has been prepared and filed concurrently with this Response in a further effort to demonstrate good cause, and to show that the failure to file the Joint Case Management Conference was due to honest misinterpretation, and was neither willful, grossly negligent, nor reckless—and to respectfully request that the Court thus not impose sanctions (Beke Dec. ¶ 17).

## ARGUMENT

**A. Legal Standard**

Local Rule (hereinafter "L.R.") 11-9 for the United States Central District of California provides that sanctions can be ordered by the Court; "the failure to comply fully with [Local Rule 11] subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7." C.D. Cal. L.R. 11-9.  L.R. 83-7 provides that "failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless . . . and/or (c) for any of the conduct

specified in (a) . . . above, such other sanctions as the Court may deem appropriate under the circumstances." C.D. Cal. L.R. 83-7. "The imposition of sanctions rests in the sound discretion of the district court." *RG Abrams Ins. v. Law Offices of C.R. Abrams*, No. 2:21-cv-00194-FLA-MAAx, 2022 U.S. Dist. LEXIS 24987, *17-*18 (C.D. Cal. Feb. 9, 2022). "Local Rule 83-7 expressly contemplates that different levels of willfulness will result in different types of sanctions . . . ." *Id.* at *17.

### B. Petitioner's Counsel Did Not Willfully, Negligently, or Recklessly Fail to Comply

Counsel for Plaintiff failed to comply with the Reassignment Order because an error in judgment based on their understanding of the procedural posture of the case. Petitioner's Counsel's failure to file the Statement as ordered by the Court in the Reassignment Order was not designed to prejudice the Respondent, nor was it the result of neglect. Petitioner's Counsel reasonably interpreted the circumstances as placing a temporary hold on the requirement to draft and file the Statement. *See Gonzalez v. Costco Wholesale Corp.*, No. EDCV 18-1761 JGB (SHKx), 2019 U.S. Dist. LEXIS 220514, *12-*13 (C.D. Cal. Sep. 16, 2019) (imposing L.R. 83-7 sanctions because attorney's repeated misrepresentations, missed deadlines, and disregard for court rules amounted to gross negligence) (citing to *Pichardo v. C.R. Bard, Inc.*, 563 F. App'x 58, 61 (2d Cir. 2014) for examples of failures to comply rising to level of "sloppiness and neglect"). Petitioner's Counsel concedes the error, and has sought to comply with the Reassignment Order as soon as possible, by preparing and filing the Unilateral Statement concurrently with the Response.

The failure to file the Statement in accordance with the Reassignment Order was a procedural mistake, with no permanent adverse consequences to the Respondent or to this Court. The failure was not the product of a strategy to delay or drag out litigation. It was, rather, inadvertent, and the product of a reasonably formed conclusion rooted in the facts presented by the language within the Reassignment Order, the issuance of the Extension, and the Respondent's still not having been served with process when the Statement was due to be

filed. Petitioner's Counsel respectfully submits that the filing of the Unilateral Statement has remedied the procedural error. *See Miramontes v. Mills*, No. CV 11-8603 MMM (SSx), 2015 U.S. Dist. LEXIS 191729, *12 (C.D. Cal. Aug. 14, 2015) (declining to impose L.R. 83-7 monetary sanctions where responsibility for delay was shared by all parties, and noting that future failures to comply would result in the imposition of sanctions); *Sanchez v. Cty. of San Bernardino*, No. CV 10-09384 MMM (OPx), 2014 U.S. Dist. LEXIS 199466, *8-*9 (C.D. Cal. Mar. 10, 2014) (declining to impose sanctions under L.R. 83-7 where offending party's failures to comply with multiple procedural rules was deemed negligent, but not sanctionable). Like the failure of the plaintiff in *Sanchez*, Petitioner's Counsel's failure to submit the Statement by the time ordered within the Reassignment Order should not be deemed to constitute "willfulness, recklessness, or bad faith." *Id.*, at *9.

Counsel for Petitioner thus submits that there was good cause for its failure to submit the Joint Statement by the deadline set in the Reassignment Order, and that any harm from that failure has been remedied by filing the Unilateral Statement.

## **CONCLUSION**

Petitioner's Counsel respectfully requests that the Court not impose monetary sanctions under L.R. 83-7, in light of the good cause for their failure to comply with the deadline set in the Reassignment Order for submission of the Statement.

Dated: August 4, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　DOYLE LAW, APC

　　　　　　　　　　　　　　By:　　/s/ Stephen Beke
　　　　　　　　　　　　　　　　　　Stephen Beke

　　　　　　　　　　　　　　　　　　DGW Kramer LLP
　　　　　　　　　　　　　　　　　　RongPing Wu (*pro hac vice*)

　　　　　　　　　　　　　　　　　　Attorneys for Petitioner
　　　　　　　　　　　　　　　　　　ZHONGTIE DACHENG (ZHUHAI)
　　　　　　　　　　　　　　　　　　INVESTMENT MANAGEMENT CO., LTD.

- 5 -

## DECLARATION OF STEPHEN BEKE

I, Stephen Beke, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am employed by Doyle Law, APC, counsel of record for Petitioner in the above-captioned matter. I have personal knowledge of the facts and statements set forth herein, and I am competent to testify to them.

2. The underlying petition was filed on March 28, 2022. (*See* DE 1 – 6).

3. A summons was issued on March 30, 2022. (*See* DE 10).

4. A New Case Order was issued by the Court on April 4, 2022. (*See* DE 12).

5. The matter was reassigned to Judge Sykes on June 21, 2022. (*See* DE 17).

6. A Judicial Officer Reassignment Order was issued on June 25, 2022. (*See* DE 18).

7. On July 1, 2022, Petitioner filed an *ex parte* application for an order extending time to serve Respondent by 90 days. (*See* DE 19).

8. On July 5, 2022, the Court granted the Application, and issued the Order Extending Time to Serve by 90 days. (*See* DE 20).

9. On July 29, 2022, the Court issued the OTSC for failure to comply with the Reassignment Order. (*See* DE 21).

10. The Reassignment Order directed all parties to draft and submit a "**Joint** Case Management Statement" (the "Statement") within fifteen (15) days from June 25, 2022, and included the caveat of "**[s]eparate statements are only appropriate** if any party is proceeding **without** counsel." (*See* DE 18, pg. 2).

11. After the Extension was granted, Petitioner initiated service upon the Respondent in the People's Republic of China (the "PRC") under the Hague Service Convention, and is awaiting confirmation of service from the relevant Central Authority.

12. Petitioner filed the Application six (6) days **after** the Court issued the Reassignment Order. (*See* DE 18 and 19).

13. In the Application, Petitioner affirmatively represented that Respondent had not yet been served with the commencement papers for this matter, despite Petitioner's extensive and diligent efforts at effectuating service upon the Respondent here within the state of California. (*See* DE 19).

14. The Application made clear that the Respondent was unaware of the Petition. The Court issued the Extension ten (10) days after the issuance of the Reassignment Order. (*See* DE 20).

15. Counsel for Petitioner made an honest mistake in judgment and did not prepare the Statement because Respondent, the only other party to this matter, had not yet been served with process, and the Court had recently issued the Extension, which extended the period within which to serve the Respondent.

16. Counsel for Petitioner was under the impression that there was no need to file a Joint Case Management Statement given the Court's Extension to allow Petitioner additional time to attempt to serve the Respondent. The language from the Reassignment Order quoted above was misinterpreted and led us to make an incorrect judgment that it was not possible to file a "Joint" Statement at this time.

///

17. A unilateral Case Management Statement acknowledging this error has been prepared and filed concurrently with this Response in a further effort to demonstrate good cause, and to show that the failure to file the Joint Case Management Conference was due to honest misinterpretation, and was neither willful, grossly negligent, nor reckless—and to respectfully request that the Court thus not impose sanctions.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 4, 2022, at Beverly Hills, California.

/s/ Stephen Beke
Stephen Beke