Conal Doyle, Esq. SBN 22755
conal@conaldoylelaw.com
Stephen Beke, Esq. (SBN: 290972)
sbeke@conaldoylelaw.com
DOYLE LAW, APC
280 S Beverly Drive, Penthouse
Beverly Hills, CA 90212
T: (310) 385-0567

Rongping Wu, Esq. (*Pro Hac Vice*)
lwu@dgwllp.com
DGW KRAMER LLP
One Rockefeller Plaza
10th Floor, Ste. 1060
New York, NY 10020
T: (917) 633-6860

Attorneys for Petitioner
ZHONGTIE DACHENG (ZHUHAI) INVESTMENT
MANAGEMENT CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHONGTIE DACHENG (ZHUHAI) INVESTMENT MANAGEMENT CO., LTD., a China Company<br><br>Petitioner,<br><br>vs.<br><br>YAN, JINGGANG, an individual,<br><br>Respondent. | Case No.: 8:22-cv-461-SSS-ADSx<br><br>PETITIONER'S CASE MANAGEMENT STATEMET |

- 1 -

**CASE MANAGEMENT STATEMENT**

Pursuant to the order of the Court, dated June 25, 2022 (DE 18), the Petitioner, Zhongtie Dacheng (Zhuhai) Investment Management Co., Ltd. ("Zhongtie" or "Petitioner"), by and through its undersigned counsel, hereby files this case management statement on an *ex parte* basis in light of the fact that the Respondent, Yan Jinggang ("Yan" or "Respondent"), has not yet been served with process, despite Petitioner's diligent efforts.

A. The date case was filed: March 28, 2022.

B. List or description of each party: 1) Petitioner Zhongtie Dacheng (Zhuhai) Investment Management Co., Ltd.; and 2) Respondent Yan Jinggang.

C. Summary of all claims: Petitioner has lodged a claim against Respondent for the recognition and enforcement of an arbitral award pursuant to Article III of the 1958 Convention for the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), codified by 9 U.S.C. § 207 of the Federal Arbitration Act (the "FAA") requesting that this Court confirm and enforce the March 24, 2020, arbitration award (the "Award") issued by an arbitral tribunal (the "Tribunal") comprised of three arbitrators and constituted under the 2015 Arbitration Rules of the Beijing Arbitration Commission;

///
///
///
///

D. A brief description of the events underlying the action: The dispute underlying the Arbitration and the Award itself is rooted in a lending agreement entered into by the Petitioner and Shanghai Fukong Interactive Entertainment Co., Ltd., (the "Borrower"), on November 16, 2017 (the "Loan"). In order to further secure its rights as the lender under the Loan, Petitioner executed separate Performance Joint Liability Guarantee Letters ("Personal Guarantees") with the Respondent, corporate parties including Shanghai Zhongji Enterprise Group Co., Ltd., and a second individual, Liang Xiuhong (together, the "Guarantors"). The Loan provided that any dispute between the parties was to be resolved via arbitration: (i) The Loan shall be governed by the laws of the PRC; (ii) Any dispute arising from performance of the Loan are to be dealt with through good-faith negotiation between the parties, and if such negotiation fails, either party would be entitled to initiate arbitration before the Commission. On November 20, 2018, Petitioner initiated arbitration against the Borrower, the Respondent, and the other two Guarantors, to recover the unpaid RMB 15,000,000 in principal. The Commission accepted the matter and assigned it Case No.: (2018) J.Z.A.Z. No. 4111 (the "Arbitration"). On March 24, 2020, the Commission issued the Award, which provides in pertinent part:

- Pursuant to the Loan and respective evidence presented by the parties, the Borrower is liable to Zhongtie for the RMB 15,000,000 in unpaid loan principal;
- Pursuant to the Loan and respective evidence presented by the parties, as of November 20, 2018, the Borrower was liable to Zhongtie for the RMB 5,316,700 in unpaid loan interest;
- Pursuant to the Loan, the Borrower is liable to Zhongtie for loan interest on the unpaid principal, calculated from November 21, 2018, at 20% per annum, until the date the unpaid principal has

|  |  |
|---|---|
| 1 | been repaid; |
| 2 | • Borrower is liable for attorneys' fees of RMB 10,000 and the |
| 3 | arbitration fee of RMB 149,183.50; and |
| 4 | • Respondent Yan and the other Guarantors, by virtue of the |
| 5 | Personal Guarantees executed between them and the Petitioner, |
| 6 | were jointly and severally liable to Petitioner for the above |
| 7 | enumerated amounts owed by the Borrower. |

In accordance with the Rules of the Commission, the Award became final and enforceable on the date it was issued by the Tribunal, March 24, 2020. The amounts are now long overdue and payable to the Petitioner.

E. A description of the relief sought and the damages claimed with an explanation as to how damages have been (or will be) computed:

- Relief sought: (a) issue a judgment in Petitioner's favor against the Respondent as provided for in the Award; (b) award the Petitioner the costs of this confirmation proceeding; and (c) retain jurisdiction over this matter until such time as the Respondent has fully complied with the Award;

- Damages claimed: the current amount outstanding and payable by the Respondent under the Award is RMB 20,475,883.50 plus any accrued per diem interest of RMB 8,219.18 beginning on November 21, 2018,[1] for a total accrued interest in the amount of RMB 11,095,893 as of August 2, 2022.  In total, as of August 2, 2022, Respondent owes Petitioner RMB 31,571,776.50 under the Award.

F. The status of discovery, including any significant discovery management issues,

---

[1] Per diem figure derived using the following formula: $[(x * y)/B] * n$; where $x$ = unpaid loan principal; $y$ = per annum rate of interest; $B$ = 365 days; and $n$ = total number of days.

1  as well as any limits or cutoff dates: Discovery will be limited in this matter and has yet to begin as the Respondent has not been served with process to date.

G.  Procedural History: The Petition was filed on March 28, 2022. (*See* DE 1 – 6). The Summons issued March 30, 2022. (*See* DE 10). A New Case Order was issued by the Court on April 4, 2022. (*See* DE 12). The matter was reassigned to Judge Sykes on June 21, 2022. (*See* DE 17). A Judicial Officer Reassignment Order was issued on June 25, 2022. (*See* DE 18). On July 1, 2022, Petitioner filed an *ex parte* application for an order extending time to serve Respondent by 90 days. (*See* DE 19). On July 5, 2022, the Court granted the application and issued the Order Extending Time to Serve by 90 days. (*See* DE 20). On July 29, 2022, the Court issued an Order to Show Cause for failure to comply with the order at DE 18. (*See* DE 21). To date, Petitioner has initiated service upon the Respondent in the People's Republic of China pursuant to the Hague Service Convention, and is awaiting confirmation of service from the relevant Central Authority.

H.  A description of any other deadlines in place before reassignment: Prior to reassignment, no deadlines had been issued by the Court.

I.  Any proposed dates for any pretrial conferences and trial dates that were vacated pursuant to this Order: N/A.

J.  Whether the parties will consent to a magistrate judge for trial: This is an *ex parte* statement; Petitioner consents to a magistrate for trial.

K.  Whether there exists an immediate need for a case management conference to be scheduled in the action, and why the parties believe such a need exists: N/A.

L.  A plain and specific statement of any immediate relief sought, if applicable, regarding the case schedule: N/A.

M.  Any other information relevant to the reassignment of the case: Respondent has

1 yet to be served with process, and there have been no appearances entered in this matter for Respondent or any third-parties. Thus, Petitioner is only able to provide this case management statement on an *ex parte* basis, and not as a joint statement.

Dated: August 4, 2022          Respectfully submitted,

DOYLE LAW APC

By:    /s/ Stephen Beke

    Stephen Beke

DGW Kramer LLP
RongPing Wu (*pro hac vice*)

Attorneys for Petitioner