UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 8:22-cv-00461-SSS-ADSx | Date | January 24, 2023 |
|---|---|---|---|
| Title | *Zhongtie Dacheng (Zhuhai) Investment Management Co. Ltd v. Jinggang Yan, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Petitioner(s):  Attorney(s) Present for Respondent(s):
None Present   None Present

**Proceedings:  ORDER DENYING PETITIONER'S APPLICATION FOR DEFAULT JUDGMENT [DKT. 52] AND ORDERING PETITIONER TO SHOW CAUSE AS TO WHY THE CASE SHOULD NOT BE DISMISSED (IN CHAMBERS)**

Before the Court is Petitioner's Application for Entry of Default Judgment against Respondents Jinggang Yan ("Respondent Yan") and Xiuhong Liang ("Respondent Liang") (collectively "Respondents"). [Dkt. 52]. For the reasons below, Petitioner's Application is **DENIED**.

Petitioner seeks default judgment confirming an arbitration award from China against Respondents under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 9 U.S.C. § 201 *et seq.*

## I.     LEGAL STANDARD

The Convention grants federal district courts to confirm arbitration awards arising out of a commercial legal relationship involving at least one noncitizen of the United States. *See* 9 U.S.C. §§ 202–03, 207. However, "the Convention does not automatically grant courts jurisdiction over any and all persons and

corporations who entered an arbitration agreement covered by the Convention." *Maple Leaf Adventures Corp. v. Jet Tern Marine Co.*, No. 15-CV-02504, 2016 WL 3063956, at *2 (S.D. Cal. Mar. 11, 2016) (citing *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1120–22 (9th Cir. 2002); 9 U.S.C. § 207 (permitting parties to apply to "any court **having jurisdiction** . . . for an order confirming the award" (emphasis added))). "Rather, 'in suits to confirm a foreign arbitral award under the Convention, due process requires that the district court have jurisdiction over the [respondent] against whom enforcement is sought or his property.'" *Id.* Thus, while the Convention grants subject matter jurisdiction over international arbitration awards, it does not necessarily have personal jurisdiction over Respondents.

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4." *Travelers Cas. and Sur. Co. of America v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir.2009) (citation omitted). A petitioner must prove service by submitting the server's affidavit. Fed. R. Civ. P. 4(l). A petitioner generally must serve a respondent with a copy of the petition and a summons within 90 days after filing the petition in court, or the court must dismiss the action without prejudice against the respondent or order that service be made within a specified time. Fed. R. Civ. P. 4(c), (m). Additionally, the summons and petition must be served by a person who is at least 18 years old and not a party, and must be served either to the individual personally or by leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(c), (e), (l).

## II.   DISCUSSION

Petitioner here has not properly served Respondents with notice of the Petition, and thus the Court lacks personal jurisdiction.

### A.   Original Petition

On March, 28, 2022, Petitioner filed a Petition against Respondent Yan. [Dkt. 1]. In its Petition, Petitioner stated it was a corporation organized under the laws of the People's Republic of China ("PRC") and that Respondent resides in the Central District of California with his primary residence located at 10 Sea Glass, Newport Coast, in Orange County, California 92657. [Dkt. 1 ¶ 5].

Petitioner failed to serve Respondent within 90 days after the filing of the Petition. On July 1, 2022, Petitioner filed an ex parte application for more time, 90 more days, to serve Respondent. [Dkt. 19]. In its application, Petitioner said it had been unable to serve Respondent but that prior to filing the Petition, Petitioner "formed the knowledge that the Respondent resided at a residential address in Newport Coast, California, based upon Petitioner's review of publicly available court dockets involving the Respondent here in California, where filed proofs of service indicated the Respondent had been successfully served with process at the Newport Coast address on two separate occasions, in or around March 2021 and in or around August 2021." [Dkt. 19 at 3]. According to Petitioner, it hired Janney & Janney Legal Support Service ("J&J") to investigate and perform a skip trace report on Respondent Yan, and the report indicated that the Newport Coast address was still a possible address for Respondent Yan. [*Id.* at 3–4]. In its ex parte application, Petitioner did not provide the two dockets which it relied upon for Respondent Yan's Newport Coast address or the actual address [*id.*], but it appears Petitioner was referring to the "10 Sea Glass, Newport Coast, California 92657" address listed in the Petition. [Dkt. 1 ¶ 5]. Petitioner unsuccessfully attempted to serve Respondent Yan at the Newport Coast address on eight different dates in the Months of April and May of 2022. [Dkt. 19 at 3]. The Court granted Petitioner's application and provided Petitioner until October 3, 2022 to serve Respondent Yan with the Petition and summons. [Dkt. 20].

On September 29, 2022, Petitioner filed a proof of service. In the attached proof of service, server Ely Wahba, declared under penalty of perjury that they "left the summons at the individual's residence or usual place of abode with Xiazhen Yan, a person of suitable age and discretion who resides there, on 9/22/2022, and mailed a copy to the individual's last known address." [Dkt. 27 at 2]. According to the summons, Respondent Yan's address was "10 Sea Glass, Newport Coast, CA 92657." [*Id.* at 1]. However, the proof of service did not state whether the server also served a copy of the Petition with the summons as required by Rule 4. [*See Id.*]. Thus, this proof of service was defective. *See* Fed. R. Civ. P. 4(c)(1).

### B.   First Amended Petition

On October 12, 2022, Petitioner filed a First Amended Petition ("FAP"), adding Respondent Liang to the case whom Petitioner alleges is Respondent Yan's

wife.[1]  [Dkt. 28].  Moreover, the First Amended Petition claims that Respondents have a "primary residence located at 30 Sea Glass, Newport Coast, in Orange County, California, 92657."  [Dkt. 28 ¶ 5].  The Court notes the Respondents' alleged address in the FAP, "**30** Sea Glass," differs from Respondent Yan's alleged address in the original Petition and the previous filed proof of service of summons, both of which state Respondent Yan resides at "**10** Sea Glass" in Newport Coast.  [*Compare* Dkt. 28 ¶ 5 *with* Dkt. 1 ¶ 5; Dkt. 27 at 1].  The deadline for Petitioner to serve the summons and FAP to each Respondent was January 10, 2023.  *See* Fed. R. Civ. P. 4(m).  The clerk issued amended summons on the FAP for each respondent on October 13, 2022.  [Dkt. 37–38].

On October 27, 2022, Petitioner filed two proofs of service, one for each Respondent, regarding the amended summons related to the FAP.  [Dkts. 44–45].  However, server Ely Wahba's affidavit for each proof of service was sorely defective, missing crucial pieces of information and filled with nonsensical and erroneous entries.  For example, the proof of service for Respondent Liang stated: "[t]his summons for (name of individual and title, if any) **[blank]** was received by me on **(date) Liang, Xiuhong [sic]**.  I personally served the summons on the individual at **(place) 10/22/2022 [sic]** on (date) **[blank]**."  [Dkt. 45 at 2 (emphasis added)].  More egregiously, in the proof of service related to the summons for Respondent Yan, Respondent Yan's name did not even appear anywhere on the proof of service.  [Dkt. 45 at 2].  And again, these proofs of service did not mention whether the FAP was served along with the summons as required by Rule 4.  [Dkts. 44–45].  Thus, these proofs of service were defective for several reasons.  *See* Fed. R. Civ. P. 4.

---

[1] The Court notes that the FAP was procedurally improper pursuant to Fed. R. Civ. P. 15, which only permits amendment as a matter of course 21 days after the initial filing of the Petition, which in this case was until April 18, 2022.  After that date, Petitioner was only permitted to amend the Petition with Respondent Yan's consent or the Court's leave; Petitioner did not obtain either before filing the FAP.  However, pursuant to Rule 15, "[t]he court should freely give leave when justice so requires."  Here, because the Court finds no bad faith by Petitioner in amending the Petition and no prejudice to Respondents, the Court accepts the FAP as filed.

On November 7, 2022, Petitioner filed another proof of service related to Respondent Yan, this time with Respondent Yan's name in the proof of service, but nevertheless containing several errors and blanks: "This summons for (name of individual and title, if any) Yan, Jinggang was received by me on **(date) [blank]**.  I personally served the summons on the individual at **(place) 10/22/2022 [sic]** on **(date) [blank]**." [Dkt. 47 at 2 (emphasis added)].  And again, the proof of service did not state whether Respondent Yan was served with a copy of the FAP.  [Dkt. 47].  Thus, this proof of service was defective for several reasons.  *See* Fed. R. Civ. P. 4.

### C.  Default and Request for Default Judgment

On December 1, 2022, Petitioner requested the clerk to enter default against Respondents [Dkt. 49], which the clerk did on December 2, 2022 [Dkt. 50].  On December 15, 2022, Petitioner submitted the instant application seeking default judgment against Respondents.  [Dkt. 52].  On January 10, 2023, the Court issued an order stating the instant application was appropriate for resolution without a hearing and vacated the hearing date associated with the application.  [Dkt. 56].

In a confusing move, after already having requested and been granted an entry of default against Respondents and after already filing an application for default judgment against them, on January 10, 2023, Petitioner filed yet two more proofs of service of the amended summons, one for each Respondent.  [Dkts. 57–58].  These proofs of service contained even more oddities.  First, with respect to Respondent Yan, the proof of service contained omissions similar to previous deficiencies; it did not contain a date on which the server received the summons and did not state whether the FAP was served along with the summons.  Moreover, the address to which the server purportedly served the summons was "**10 Sea Glass**, Newport Coast, CA 92657," the address from the original Petition, which differed from "**30 Sea Glass**," the address listed on the amended summons and FAP.  The same errors exist in the proof of service for Respondent Liang.  [*See* Dkt. 58].  Thus, both proofs of service were defective for several reasons.  *See* Fed. R. Civ. P. 4.

### III.  CONCLUSION

Petitioner filed the FAP over 100 days ago and has failed to properly serve Respondents or sufficiently indicate that it has done so, despite already filing five

proofs of service purporting to demonstrate service. Without proper service of the summons and FAP upon Respondents and reliable indicators thereof, the Court lacks personal jurisdiction over them. Moreover, without jurisdiction over the Respondents, the Court lacks subject matter jurisdiction to grant the relief Petitioners seek. *See* 9 U.S.C. § 207 (permitting parties to apply to "any court **having jurisdiction** . . . for an order confirming the award" (emphasis added))).

Accordingly, Petitioner's Application for Default Judgment is **DENIED**. Moreover, Petitioner is **ORDERED TO SHOW CAUSE by February 10, 2023** why the Court should not dismiss for failure to serve Respondents within the period prescribed by Rule 4(m). Petitioner may satisfy this Order by filing a proof of service reflecting that each Respondent has been properly served or a declaration explaining under oath why Petitioner has been unable to do so. Failure to show cause will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**