Conal Doyle, Esq. (SBN: 227554)
Stephen Beke, Esq. (SBN: 290972)
sbeke@conaldoylelaw.com
Doyle Law APC
280 S Beverly Drive, Penthouse
Beverly Hills, CA 90212
T: (310) 385-0567

Rongping Wu, Esq. (*Pro Hac Vice*)
lwu@dgwllp.com
DGW KRAMER LLP
One Rockefeller Plaza
10th Floor, Ste. 1060
New York, NY 10020
T: (917) 633-6860
F: (917) 630-6183

Attorneys for Petitioner:
ZHONGTIE DACHENG (ZHUHAI) INVESTMENT MANAGEMENT CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHONGTIE DACHENG (ZHUHAI) INVESTMENT MANAGEMENT CO., LTD., a China Company,<br><br>Petitioner,<br><br>vs.<br><br>YAN, JINGGANG, an individual,<br><br>Respondent. | Case No.: 8:22-cv-461-SSS-ADSx<br><br>PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE |

- 1 -

**RESPONSE TO ORDER TO SHOW CAUSE**

Petitioner, Zhongtie Dacheng (Zhuhai) Investment Management Co., Ltd. ("Zhongtie" or "Petitioner"), through counsel Stephen Beke, Dan Tan, and Rongping Wu (together "Petitioner's Counsel"), responds to the Court's Order to Show Cause, dated January 24, 2023 (DE 59) (the "OTSC"), and provides good cause why this Court should not dismiss this matter for failure to serve within the period of time prescribed by Fed. R. Civ. P. 4(m), by February 10, 2023 (the "Response").

Petitioner requests that the action not be dismissed. As explained in detail below and within the Declaration of Rongping Wu ("Wu Decl.") dated February 8, 2023 and all exhibits thereto, good cause for dismissal is lacking, because the Respondents were properly served within the period of time prescribed by the Fed. R. Civ. P. 4(m)—any errors were 1) inadvertent; 2) corrected upon awareness; and 3) all respondents have been served and all corrected documents filed with the Court.

**RELEVANT BACKGROUND**

The underlying petition was filed on March 28, 2022 (the "Petition") which listed an address for the Respondent Yan Jinggang ("Yan") of 10 Sea Glass, Newport Coast, CA 92657 ("10 Sea Glass"). (*See* DE 1 – 6). A Summons was issued on March 30, 2022, listing the 10 Sea Glass address. (*See* DE 10). Petitioner located the 10 Sea Glass address by reviewing unrelated matter filed in the Central District of California: Case no.: 8:21-cv-00133, *Plutos Sama Holdings, Inc. v. Jagex Limited, et al.*, (the "Plutos Matter"). (*See* Wu Decl., ¶ 3). Petitioner reviewed a proof of service filed in the Plutos Matter which provided that service had been effectuated upon Yan at the 10 Sea Glass address. (*See id.*, and **Exhibit A** thereto (DE 18 from the Plutos Matter)). On July 1, 2022, Petitioner filed its *ex parte* application for an order extending time to serve Yan by 90 days (the "Application"). (*See* DE 19). At that time, Petitioner was still only aware of the 10 Sea Glass address for Yan. (*See id.*, ¶ 4). On July 5, 2022, the Court granted the Application and issued the Order Extending Time to Serve by 90 days (the "Extension"). (*See* DE 20).

After the Extension was granted, Petitioner became aware of another unrelated matter filed in the Superior Court of California for the County of Los Angeles: Case no.: 21STCV26818, *Shanghai Zheze Asset Management Co., Ltd., v. Jinggang Yan, et al.*, (the "Zheze Matter"). (*See* Wu Decl., ¶ 5). Petitioner learned that on September 13, 2022, Yan had been personally served in the Zheze Matter at 30 Sea Glass, Newport Coast, CA 92657 ("30 Sea Glass"). (*See id.*, and **Exhibit B** thereto (proof of service filed in the Zheze Matter)).

On September 20, 2022, Petitioner thus hired the process server from the Zheze Matter and asked that they effectuate service on Yan at 30 Sea Glass *i.e.*, the address where they had successfully completed service on Yan just seven days before. (*See* Wu Decl., ¶ 6). On September 29, 2022, Petitioner filed a proof of service with this Court (the "First POS") which showed that service had been effectuated on Yan on September 22, 2022. (*See id.*). The First POS did not indicate that service had been made at the 30 Sea Glass address. (*See* DE 10 & 27, and Wu Decl., ¶ 6).

On October 12, 2022, Petitioner filed its amended petition with the Court (the "FAP"), prior to the filing of a responsive pleading or an appearance by Yan. (*See* DE 28 – 33 and 35 & 36). The FAP added Respondent Liang Xiuhong ("Liang" and together with Yan, the "Respondents"), and changed the address to 30 Sea Glass, the address where Yan was served initially (*i.e.*, the address where the Respondents had been located and served in the Zheze Matter). (*See* Wu Decl., ¶ 7). Amended Summons listing 30 Sea Glass as the address for the Respondents were issued on October 13, 2022. (*See* DE 37 & 38). On October 19, 2022, Petitioner hired the same process server again and requested that they effectuate service of the FAP and all accompanying documents on both of the Respondents at 30 Sea Glass. On October 24, 2022, Petitioner attempted to file proofs of service (the "Second POS") with this Court showing that the process server had successfully served both Respondents at 30 Sea Glass on October 22, 2022. (*See* DE 39 & 40, *and* Wu Decl., ¶ 8). The Second POS were rejected by this Court on October 25, 2022. (*See* DE 41 & 42). On October 27,

2022, Petitioner refiled the proofs of service which addressed the identified deficiencies (the "Third POS"). (*See* DE 44 & 45). That same day, October 27, 2022, the Court rejected the Third POS for Yan only, on the basis that the Third POS for Yan did not include his name as part of the affidavit of service. (*See* DE 46). After correcting the Third POS for Yan, Petitioner re-filed it with the Court on November 7, 2022 (the "Final POS"). (*See* DE 47 *and* Wu Decl., ¶ 8).

Respondents had until November 13, 2022, to answer the FAP. Respondents did not answer, respond, or enter an appearance by that date. (*See* Wu Decl., ¶ 9). On November 28, 2022, approximately 5 weeks after the date of service within the Second, Third, and Final POS, or approximately 2 weeks after the time Respondents had to answer or otherwise plead expired, the Court issued an Order to Show Cause re Dismissal for Lack of Prosecution. (*See* DE 48, *and* Wu Decl., ¶ 9). On December 1, 2022, Petitioner filed its Request for Clerk's Entry of Default. (*See* DE 49). On December 2, 2022, the clerk entered the Respondents' default. (*See* DE 51).

Petitioner then prepared a Motion for Default Judgment against the Respondents, in accordance with the clerk's entry of default. On December 15, 2022, Petitioner filed its Motion for Default Judgment (the "Motion for Default"), in order to be timely. (*See* DE 52, *and* Wu Decl., ¶ 10). As part of its ongoing investigations into the Respondents (but after the filing of the Motion for Default), Petitioner became aware that 30 Sea Glass might be an "unofficial alternative" for the 10 Sea Glass address: although the UPS address verification service verified the 30 Sea Glass address, and although Google Maps was able to identify 30 Sea Glass, the website for the Treasurer-Tax Collector for Orange County did not have records for 30 Sea Glass. (*See* Wu Decl., ¶ 10, and **Exhibit C** thereto (UPS address verification page and the Treasurer-Tax Collector for Orange County's page for 30 Sea Glass).

On December 14, 2022, Petitioner's Counsel initiated discussions with the process server to determine precisely what address they had served the Respondents at. On December 26, 2022, the process server confirmed that the actual address the

Respondents were served at was 10 Sea Glass, and not 30 Sea Glass. (*See* Wu Decl., ¶ 11, and **Exhibit D** thereto (email chain between counsel's office and the process server)).

In light of the fact that the Motion for Default was pending before this Court, Petitioner immediately requested that the process server issue corrected proofs of service showing the actual, correct, and confirmed address where service had been effectuated. (*See* Wu Decl., ¶ 12). On December 30, 2022, Petitioner received the corrected proofs of service (the "Confirmed 10 Sea Glass POS"). (*See id.*). Due to the holidays, Petitioner was unable to get the Confirmed 10 Sea Glass POS filed with the Court until January 10, 2023. (*See* DE 57 & 58). Petitioner has consistently sought to provide this Court with the most accurate and up-to-date information as soon as it has become known to Petitioner. (*See* Wu Decl., ¶ 12).

Petitioner is concurrently filing with this Response corrected versions of the Confirmed 10 Sea Glass POS, correcting the errors identified by the Court in the Order to Show Cause dated January 24, 2023. The Confirmed 10 Sea Glass POS state the date that the process server received the documents as well as which documents were served. (*See* Wu Decl., ¶ 13). The FAP, the exhibits thereto, and all accompanying amended documents were received by the process server on October 19, 2022. On October 22, 2022, the process server served the Respondents with copies of the following documents: i) the FAP; ii) Amended Memorandum of Points and Authorities; iii) Amended Declaration of Rongping Wu in Support and Exhibits A through D thereto; iv) Amended Coversheet; v) Amended Notice of Interested Parties; and vi) Amended Summons as issued by this Court.

## ARGUMENT

### A. Legal Standard

Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that

service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The FAP was filed with this Court on October 12, 2022. (*See* DE 28 – 33 and 35 & 36). Accounting for holidays (Thanksgiving, Christmas, and New Years), the deadline to serve the FAP was January 13, 2023. (*See* Wu Decl., ¶ 7).

### B. There Is No Good Cause for Dismissal

Petitioner's errors in successfully completing service in this matter were inadvertent, and were corrected promptly once the accurate address information was made known. As shown by the Second, Third, and Confirmed 10 Sea Glass POS, as well as the latest POS (together with the Second, Third, and Confirmed 10 Sea Glass POS, the "Various POS") accompanying the Response, Petitioner served the Respondents with the FAP and all accompanying documentation just ten (10) days after the FAP was filed.

Petitioner at first reasonably relied upon the process server and the publicly-available address information, but then corrected errors or deficiencies (as soon as they were either discovered by Petitioner or identified by the Court) by filing the Various POS. Petitioner has thus conclusively identified where, when, and what was served upon the Respondents in addition to confirming Respondents' location in Orange County.

Dismissal is a drastic penalty reserved for egregious conduct. *See Gibbs v. Hedgpeth*, 389 F. App'x 671, 674 (9th Cir. 2010) ("Though the court was not obliged to exhaust every possible alternative, the court should have, in the exercise of its discretion, considered which alternatives were reasonably appropriate and explored them, bearing in mind the drastic foreclosure of rights that dismissal effects."). There is no reason to dismiss the Petition based on inadvertent discrepancies between the 10 Sea Glass and 30 Sea Glass addresses; Petitioner reasonably relied on the available information, and promptly corrected all deficiencies in service.

///

# CONCLUSION

For the reasons above, and for lack of good cause for dismissal, Petitioner respectfully requests that this Court decline to dismiss this matter under Fed. R. Civ. P. 4(m), and that it discharge the Order to Show Cause dated January 24, 2023.

Dated: February 9, 2023      Respectfully submitted,

DOYLE LAW APC

By: /s/ Stephen Beke
Stephen Beke, Esq. (SBN: 290972)
Doyle Law APC
280 S Beverly Drive, Penthouse
Beverly Hills, CA 90212
T: (310) 385-0567

DGW Kramer LLP
RongPing Wu (*pro hac vice*)

Attorneys for Petitioner:
ZHONGTIE DACHENG (ZHUHAI)
INVESTMENT MANAGEMENT CO., LTD.