Conal Doyle, Esq. (SBN: 227554)
conal@conaldoylelaw.com
Doyle Law APC
280 S Beverly Drive, Penthouse
Beverly Hills, CA 90212
T: (310) 385-0567

Rongping Wu, Esq. (*Pro Hac Vice*)
lwu@dgwllp.com
DGW KRAMER LLP
One Rockefeller Plaza
10th Floor, Ste. 1060
New York, NY 10020
T: (917) 633-6860

Attorneys for Petitioner:
ZHONGTIE DACHENG (ZHUHAI)
INVESTMENT MANAGEMENT CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHONGTIE DACHENG (ZHUHAI) INVESTMENT MANAGEMENT CO., LTD., a China Company<br><br>Petitioner,<br><br>vs.<br><br>YAN, JINGGANG, an individual,<br><br>Respondent. | Case No.: 8:22-cv-461-KK-ADS<br><br>**NOTICE OF PETITION TO CONFIRM/ENFORCE ARBITRAL AWARD AND FOR ENTRY OF JUDGMENT**<br><br>Date:     January 4, 2024<br>Time:    9:30am<br>Before:  Hon. Kenly Kiya Kato |

- 1 -

**TO THE HONORABLE KENLY KIYA KATO, ALL PARTIES AND COUNSEL OF RECORD,**

### NOTICE OF PETITION

**PLEASE TAKE NOTICE THAT** on **January 4, 2024** at **9:30 am**, or as soon thereafter as the matter may be heard, Petitioner ZHONGTIE DACHENG (ZHUHAI) INVESTMENT MANAGEMENT CO., LTD., will move for an Order, pursuant to 9 U.S.C. § 207 of the Federal Arbitration Act (the "FAA") and Article III of the 1958 Convention for the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), requesting that this Court (a) confirm and enforce the March 24, 2020, arbitration award (the "Award") issued by the Beijing Arbitration Commission; (b) issue a judgment in Petitioner's favor against the Respondents as provided for in the Award; (c) award the Petitioner the costs of this confirmation/enforcement proceeding; and (d) retain jurisdiction over this matter until such time as the Respondents have fully complied with the Award (the "Petition").

The Petition is made on the grounds that the Petition to recognize and enforce the Award is timely and confirmation of the Award is governed by the New York Convention, because the Award was issued by the Commission based in China, a signatory to the New York Convention, and is an "arbitral award arising out of a legal relationship . . . which is considered as commercial".  Petitioner further argues that the Award is not subject to any of the enumerated grounds for the refusal to recognize/confirm or enforce provided by Article V of the New York Convention. Specifically, the respective articles of the loan and the guaranty agreements provide Petitioner and the Respondents agreed to arbitration.  The Commission served notice on the Parties. Moreover, the Respondents did not file a motion with the Commission to vacate/modify the Award.  Nothing in the laws of the United States prohibits adjudicating the dispute between the Parties in arbitration. The Tribunal was composed by and followed the Rules of the Commission. The Award is binding and has not been

set aside in China, or upon information and belief, in any other jurisdiction. The Award offends no public policy of the United States. Petitioner contends that the party opposing confirmation of an arbitral award under the New York Convention bears the burden of proving that such a ground for refusal exists. The Petition is based on this Notice of Petition, the preceding Petition and Memorandum of Points and Authorities in support of the Petition (DE Nos. 28 and 29), the Notice of Petition, the Reply Memorandum in Support of the Petition and the Proposed Order filed concurrently herewith, all pleadings currently on file with the Court, any matters which the Court may take judicial notice of, and any argument or evidence that may be presented by the Court prior to its ruling.

## **RELIEF REQUESTED**

In accordance with 9 U.S.C. § 207 of the FAA and Article III of the New York Convention, Petitioner respectfully seeks (i) an order from this Court confirming and enforcing the Award; (ii) a judgment in Petitioner's favor against the Respondents as provided for in the Award and including Petitioner's costs incurred in this instant proceeding; and (iii) that this Court retain jurisdiction over this matter until such time as the Respondents have fully complied with the Award.

Dated: December 18, 2023

                                                       Respectfully submitted,
                                                      DGW Kramer LLP

By:    */s/ RongPing Wu*
           RongPing Wu, Esq.

Attorneys for Petitioner:
ZHONGTIE DACHENG (ZHUHAI)
INVESTMENT MANAGEMENT CO., LTD.